Daniel, J.
 

 The defendant’s schedule was as follows: “ All my interest (if any) in and to 'all the accounts bn the blacksmith’s book, for work dpne for sundry individuals, which book is in the possession of. and my interest therein assigned to, Samuel Crutchfield.” When the issue of fraud came to be tried, the plaintiff offered evidence to prove that the assignment to Crutchfield was made without any consideration. The Judge charged the jury, that if they believed the plaintiff’s evidence, they should find the issue in his favor. The jury thereupon found the issue in favor of the plaintiff. ' The defendant then insisted, that the finding of the jury was altogether immaterial, and he was, notwithstanding the verdict, entitled to take the insolvent oath and be discharged, as ho had, after his arrest, filed a schedule of all his interest in the' said shop accounts, which interest he insisted would legally be transferred to the Sheriff as his
 
 *287
 
 assignee, by force of the 10th section of the statute. The Judge was of a different opinion; and he ordered that the defendant should be imprisoned, until he made a full and fair schedule of his property. From this judgment the defendant appealed. The counsel for the defendant now insists that this case is distinguishable from that of
 
 Adams
 
 v.
 
 Alexander,
 
 1 Ired. 501. He says, that in that case, only the resulting trust of a fund by a fraudulent deed of trust was included in the schedule. But here •(he says) the defendant has scheduled
 
 all
 
 his interest
 
 {if
 
 any) in the shop-book and accounts. And the jury having found that the assignment of the book and accounts to Crutchfield were fraudulent and void, now the entire interest in the book and accounts would pass to the Sheriff, by force of this schedule and the statute, disencumbered of Crutchfield’s claim. We do not think that this argument is solid. The statute does not merely, upon the finding of the fraud by the jury, vest in the Sheriff the property in respect to which the fraud has been found. Only those interests particularly scheduled vest in the Sheriff, or accrue to the benefit of the creditors, and hence the necessity of a new schedule after fraud found. Alexander, in the case cited, made a new schedule, (after the verdict,) in which he omitted to mention the assignment, which had been found by the verdict to be fraudulent. And we think that the defendant must make a new schedule, and include in it the shop-book and accounts, omitting the assignment to Crutchfield, which the jury have found to be a fraudulent assignment. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.