H. F. EDWARDS v. A. V. SORRELL.

(Filed 21 May, 1909.)

1. Arrest and Bail — Interpretation of Statutes — Construed as a Whole—Revisal.

   The Revisal, secs. 735, 737 and 1920 *et seq.*, prescribing the methods by which a prisoner may be discharged, in certain instances, before final judgment, should be construed together; and, so construed, the remedies given in section 1920 *et seq.* are in addition to those given in sections 735 and 737.

2. Arrest and Bail—Alienating Wife's Affections—Insolvent Debtors—Inventory of Property—Release.

   A suit by one charging defendant with alienating the affections of his wife, and arresting him and holding him for bail, under the affidavits required (Revisal, sec. 7271, subsec. 2), is one entitling defendant to the benefit of the statute for the relief of insolvent debtors; and upon his filing "a full and true inventory of his estate, real and personal, with encumbrances existing thereon," etc., in accordance with the Revisal, sec. 1930, he is entitled to his discharge from custody.

3. **Arrest and Bail—Alienating Wife's Affections—Insolvent Debtors— Inventory of Property—Statements—Surplusage—Issue—Fraud.**

   One who has another arrested and held to bail for alienating the affections of his wife does not raise an issue or suggestion of fraud (Revisal, sec. 1934) by answering the petition for discharge and denying a statement therein made by petitioner that he is advised by counsel that, owing to the condition of the title to certain lands scheduled, an execution could not issue against it, as such statement is surplusage, (*Adams v. Alexander*, 23 N. C., 501, cited and distinguished. The procedure upon the question of fraud, when the husband has scheduled lands in which he claims his wife has no interest, and he has paid the purchase price. discussed by CON-NOR, J.)

APPEAL from *Long, J.,* at chambers, Greensboro, 6 April, 1909, from judgment rendered in an action from DURHAM.

This was an appeal from an order of his Honor, *Judge Long,* refusing to discharge defendant from custody. The plaintiff sued for damages, charging that defendant had alienated the affection of his wife, and caused her to separate herself from him. At the time of instituting the action he procured, upon proper affidavit, an order for the arrest of defendant, holding him to bail. Defendant was arrested and placed in jail pursuant to the order of the clerk. On 24 March, 1909, defendant filed his petition before the clerk, pursuant to section 1920 *et seq.,* of Revisal, for discharge. The petition contained the averments required by section 1922, and was accompanied by a schedule of his property. Among other properties set forth in the schedule were certain pieces of real estate, described by reference to the deeds under which they were held, conveyed to defendant and his wife especially, "One lot, corner of Dowd and Cleveland streets, which lot was conveyed by H. A. Foushee, commissioner, 28 June, 1907, to Albert V. Sorrell and wife, Quinnette Sorrell, registered 29 June, 1907; consideration, $1,111," giving book and page of registry. In reference to his real estate, defendant set forth in his petition that "Your petitioner is advised by counsel learned in the law that since the conveyance of the real estate described in Exhibit 'B' are to your petitioner and his wife, they hold the same as tenants by entireties, and that he has no interest therein which he can convey or encumber without the assent of his wife, and that no

interest of his can be sold under execution so as to pass any title during their joint lives or as against the survivors after the death of either one of them, and that all of the real estate described in Exhibit 'B' is exempt from sale under execution; that his said wife, Quinnette Sorrell, refuses and declines to convey and encumber said estate in any manner whatsoever; that your petitioner herewith surrenders all property whatsoever in excess of $50, which exemption of $50 he desires to be allotted to him in his wearing apparel and in the personal property described in Exhibit 'B.'"

Plaintiff, replying to the petition, denied that the real estate described in the schedule was exempt from execution by reason of the condition of the title, as set out. He further says that "He denies that the petitioner has surrendered all property whatsoever in excess of $50, and he is advised and believes that the petitioner is not entitled to any discharge from the order of arrest herein, or released from custody without making an actual surrender of all his property and all interest in the property." For a further answer plaintiff says, as to each piece of real estate described in the schedule, that "The deeds referred to in Exhibit 'B' do convey to A. V. Sorrell an estate which he has not surrendered, and which he must surrender before he is entitled to any discharge herein, and plaintiff suggests a fraud on the part of defendant in withholding, or attempting to withhold, the same.". He further says that "The plaintiff is informed and believes that the consideration for the real estate described in said deed was paid by the defendant himself, and that the improvements erected on some, or all, of said lots represent the property and accumulations of the defendant himself, and the defendant is guilty of fraud in withholding, or attempting to withhold, said property from the trustee, and to protect it from liability for his indebtedness, and in attempting to secure his discharge without a full surrender of the same." Plaintiff moves the court to make up an issue of fraud and set it down for trial, as provided by statute. Upon the hearing of the petition and answer before the clerk, he denied the prayer of defendant, and directed that an issue of fraud be made up and transferred to the civil-issue docket of the Superior Court for trial.

Upon appeal to his Honor, *Judge Long,* holding the courts of the Ninth Judicial District, judgment of the court was affirmed. The bond required of defendant was reduced from $5,000 to $2,500. The defendant excepted and appealed.

*Bryant & Brogden* and *R. O. Everett* for plaintiff.
*Manning & Foushee* and *D. W. Sorrell* for defendant.

CONNOR, J., after stating the facts.: The petition for discharge complies, in terms, with the provisions of section 1930 of the Revisal, subsection 2 of which provides that the petitioner must file with his petition "a full and true inventory of his estate, real and personal, with encumbrances existing thereon, and all books, vouchers and securities relating thereto." Section 1934 provides that "Every creditor opposing the discharge of the insolvent may suggest fraud and set forth the particulars thereof in writing, verified by his oath," etc. The statutes applicable to cases of this kind are not so clear as they should be. Defendant was arrested and is in custody, pursuant to the ancillary proceeding prescribed by subsection 2, section 727, Revisal. The method by which he may be discharged before judgment is prescribed by sections 735 and 737, neither of which contemplate the procedure provided by sections 1920 *et seq.* The language of section 1920 is sufficiently comprehensive to include defendant's case: "The following persons are entitled to the benefits of this chapter: (1) Every person taken or charged on any order of arrest or a surrender of bail." Subsection 2 provides that any person taken "on execution of arrest for any debt or damages rendered in any action whatever," thus making a distinction between a person in custody on an order of arrest which includes such order made before judgment and a person in custody under final process. Whatever contradiction may appear to exist between the several sections of the Revisal—originally different statutes—is met by construing them as one statute, as, by their enactment as a part of the Revisal, they become. The right to be discharged by complying with the last-named sections is in addition to the remedies given in sections 735 and 737. The Constitution prohibits imprisonment for debt, except in cases of fraud. Without undertaking to discuss the question

whether the cause of action set out in complaint comes within the exception, we are of the opinion that the defendant is entitled to the benefit of the provisions of the statute for the relief of insolvent debtors. The sole question presented by the appeal, therefore, is whether the answer of plaintiff to the petition for discharge raises an issue of fact. Defendant having filed the schedule of his property, it was not only proper, but necessary, that he should set out the facts showing what right, title, estate and interest he held in the real estate. This he has done by making specific reference to the deeds showing the title conveyed by them. He simply says to the plaintiff, "Here is a schedule of my property; I surrender such right, title and estate as the court may decide I have therein." The fact that he further says that he is advised by counsel that, by reason of the condition of the title, it is not subject to execution, while not improper, is surplusage. What the law is, in that respect, will be for the ultimate decision of the Court. It cannot be decided at this time nor in the present state of the record. The plaintiff, recognizing the fact that he must do something more than merely "suggest fraud"—that is, set out the particulars, etc.— has, in compliance with the statute, done so. The suggestion and particulars set out simply raise a question of law—that is, he differs from the opinion of defendant's counsel as to the legal effect of the deeds under which defendant holds title to the land. If he is correct in his opinion, the land will be subject to execution upon such judgment as he may recover in his action. The defendant has surrendered such title as he has; how can he do more?

We have discussed the question as to the liability of lands conveyed to husband and wife for the debts of either in *Hood v. Mercer, ante,* 699, where the authorities are collected. It is suggested, however, that defendant paid the purchase money for the lot conveyed by Mr. Foushee, commissioner, and that, in having the title made to his wife and himself, he was guilty of fraud. If plaintiff's view of the law be correct, the land is liable to his debts. If the fact be that defendant furnished the purchase money for the land, the legal effect of it would depend upon the date when plaintiff's cause of action accrued.

EDWARDS *v.* SORRELL.

The allegation in the complaint is that "during the month of March, 1909, and during many months preceding," the defendant was guilty of the wrongs which constitute plaintiff's cause of action. The deed from Mr. Foushee, commissioner, was executed 28 June, 1907. It does not appear with sufficient certainty that defendant then owed any debts or had incurred any liability to plaintiff to render his payment of the purchase money for the land fraudulent. If the fact be as suggested, the right of the plaintiff would be enforced by an action brought by the trustee, to be appointed pursuant to the statute, in which the wife would be a necessary party. We do not perceive how these questions can be passed upon in this proceeding. The case of *Adams v. Alexander,* 23 N. C., 501, is relied upon. There the debtor had executed a deed of assignment of his property for the payment of debts. In his schedule he surrendered only his interest after the payment of the debts named in the assignment. The creditor, in opposing his discharge, alleged that the assignment was made with intent to defraud his creditors. This Court held that, as the debtor had scheduled "only the resulting trusts, which affirms the other trusts to be *bona fide* and good and is an assignment of the surplus only after all the other purposes of the deed have been answered, he had not complied with the statute." *Hutton v. Self,* 28 N. C., 285. Here the petitioner schedules the property or the muniments of his title. Whatever he has passes to and vests in the trustee, to be applied to his debts. It would be a hardship on a debtor if, because, with no fault on his part, the title to his property is involved in doubtful questions of law, he must remain in prison until, after litigation, they are settled by the courts. The purpose of the law is to compel him to make an honest surrender of his property to his creditors. If he does that, he is entitled to be discharged. He is not imprisoned as a punishment for his inability to pay his debts. That was the conception of a discarded past. This case is a striking illustration of the hardship which could be perpetrated if the law was different. The plaintiff sues *in forma pauperis,* claiming $10,000 damages. He gives a bond, in the ancillary proceeding, in the sum of $100 and holds defendant to bail in the sum of $2,500.

If he may, after defendant has surrendered his property to meet such judgment as may be rendered against him, hold him in custody until, after long litigation, the end is reached, the defendant, if he should successfully defend the action, would have suffered great wrong without any redress. If the plaintiff shall succeed in obtaining a judgment, he has all of defendant's property bound for it and a right to sue out execution against his person.

We are of the opinion that the answer did not raise any issue to be submitted to the jury and that petitioner is entitled to his discharge as prayed for. The court will proceed to secure the property to meet the final result of the action. This opinion and judgment will be certified to the Clerk of the Superior Court of Durham County, to the end that further proceedings may be had in accordance herewith.

Reversed.