## ABRAMS v. UNITED STATES.
### No. 388.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

and Albion H. Koestler, all of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Thomas E. Dewey and James A. Austin, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

What was said in Counselman v. Hitchcock, 142 U. S. 547, 12 S. Ct. 195, 35 L. Ed. 1110, has apparently been given a broad interpretation by the appellant and relied upon to justify his refusal to comply with the direction of the court. However that may be, our decision on this appeal is, we think, controlled by Mason v. United States, 244 U. S. 362, 37 S. Ct. 621, 61 L. Ed. 1198. A proper disposition of the claims of the appellant seems to be plain if one takes the questions he refused to answer and inquires whether within reason it can be said that a truthful answer, whatever the fact may have been, to any of them, would have had any tendency to incriminate him. Having said that he lived somewhere else, that is, other than at the address already given, he was merely asked where. It is impossible to understand how the answer could have had any tendency to incriminate, and he did not then say that it would. It was surely not a violation of law either to be or not to be the Democratic captain of the election district concerning which inquiry was made; nor to know, or not to know, the location at the then last election of the polling place in that district; nor to have been, or not to have been, present at that polling place at the then last election; nor to have been, or not to have been, acquainted with the persons who acted as inspectors in that district at the then last election; nor to have made, or not to have made, to a district leader a report of the result of the vote then and there cast; nor to have been present, or not to have been present, at any other polling place on that day. Moreover, without subscribing to the theory that there is any constitutional right to refuse to answer simply because by some possibility a witness would provide a clue to aid a search for evidence of his own commission of a crime, it may be noticed that no answers to these questions could reasonably be thought to have furnished leads to evidence which would tend to prove him guilty of a crime unless we are prepared to go to the length of saying that

Slade & Slade, of New York City (Maxwell Slade, David H. Slade, Charles S. Port

in every criminal investigation the Constitution permits every person to remain silent, if he chooses, merely on the off chance that if he opens his mouth he will say something to indicate that he has committed some crime. The statement of such a proposition is enough to show its absurdity. There must be some direct tendency to incriminate. O'Connell v. United States (C. C. A.) 40 F.(2d) 201; Mason v. United States, supra; United States v. Sullivan, 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037, 51 A. L. R. 1020.

Within limits, as pointed out by Chief Justice Marshall in Aaron Burr's Case (In re Willie) 25 Fed. Cas. 38, No. 14,692e, the witness may decide whether or not to answer and be the sole judge as to whether his answer will tend to incriminate himself for he, and not the court, knows what his truthful answer would be. But the court is not without both duty and power. As stated in the above opinion: "When a question is propounded, it belongs to the court to consider and to decide whether any direct answer to it can implicate the witness. If this be decided in the negative, then he may answer it without violating the privilege which is secured to him by law." This puts such matters as are here involved on a solid foundation both of law and of common sense. It allows specious claims of privilege to be dealt with as such. It fully protects the witness and permits society to protect itself, but does not permit a witness to protect others by claiming, in reality for their benefit, a privilege which he ostensibly asserts for his own protection.

Affirmed.