## UNITED STATES v. FLEGENHEIMER et al.
### No. 287.

Circuit Court of Appeals, Second Circuit.

March 9, 1936.

Max Schultz, of New York City (Leo H. Klugherz and Richard Klugherz, both of New York City, of counsel), for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (John W. Burke, Jr., Sp. Asst. to the Atty. Gen., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

During the progress of the trial of Arthur Flegenheimer upon an indictment charging a willful attempt to evade income taxes, the appellant Di Larmi was called as a witness for the United States. The indictment alleged that the name Joseph Harmon was an alias used by Flegenheimer, and charged that part of the defendant's income was derived from a business for which a bank account was carried in the names of "Joseph Harmon and Rocco De Larmi." Almost immediately after he was sworn the witness, Di Larmi made a statement to the effect that he would decline to answer any question in reference to this bank account on the ground that it would tend to incriminate him. No question concerning the bank account was propounded, but he was asked, "Do you know Joseph Harmon?" He declined to answer, claiming privilege against self-incrimination. The trial judge explained to him that an answer to that question could not incriminate him, and directed him to answer. He still refused, and the court committed him to jail until he should purge himself by answering questions which the court should direct him to answer. On the next trial day he was given an opportunity to purge himself. The same question was again propounded. He again refused to answer. Thereupon he was adjudged guilty of a contempt of court and was sentenced to six months in jail. From this judgment he has appealed.

It is established law that, to justify silence under claim of the constitutional privilege, it must appear that the answer which might be given would have a direct tendency to incriminate. Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198; United States v. Weinberg, 65 F.(2d) 394 (C.C.A.2); Abrams v. United States, 64 F.(2d) 22 (C.C.A.2). In the case at bar, whether the witness answered "Yes" or "No" to the question could not possibly incriminate him. If Joseph Harmon was, as alleged in the indictment, an alias of Flegenheimer, an affirmative answer would have been no more than an admission that the witness knew the defendant. The next question might well have been whether he knew

the defendant by the name of Harmon. As preliminary to proof .of the alias, it was a material and proper question. Whether Di Larmi could have been questioned about the bank account, we need not say, for he never was. The District Judge had informed Di Larmi that an answer to the question he was directed to answer could not incriminate him. His persistence in prematurely asserting the privilege and refusing to answer justified the court's finding of contumacy.

Judgment affirmed.