John E. Cone, J.
This action was instituted for a declaratory judgment decreeing that a Florida divorce heretofore procured by defendant Albert Schwartz against the plaintiff is void for lack of domicile by defendant Albert Schwartz in Florida, annulling a subsequent marriage by defendants, and further to have defendants restrained from holding themselves out as lawfully wedded husband and wife. At an examination before trial of the defendants pursuant to an order of this court, dated October 16, 1956, defendants refused to answer certain questions, claiming the constitutional privilege against self incrimination and now the court is called upon to rule on the propriety of such refusal. The questions propounded to defendant Albert Schwartz were: 1. How long have you resided at your residence? 2. Are you the person who was designated plaintiff under the name Albert Schwartz against Rose Schwartz, defendant, in a proceeding in the Circuit Court, Seventh Judicial District, in and for Volusia County, Florida, wherein you secured a decree of divorce from said Rose Schwartz? 3. Can you tell me when you commenced residency in the State of Florida since the 2d day of December, 1949, if you did? 4. Did you obtain a decree of divorce as plaintiff against the defendant Rose Schwartz in Volusia County in the State of Florida, on or about the 4th day of May, 1950, and tell us what the grounds of said divorce were based upon?
Where a foreign divorce is obtained upon the establishment of a domicile, the courts of this State give the decree full faith and credit (Vanderbilt v. Vanderbilt, 1 A D 2d 3, affd. 1 N Y 2d 342). Thus, if the defendant Albert Schwartz had the requisite domicile in Florida at the time his action was instituted, the decree of the Florida court must be recognized here; if not, then the subsequent cohabitation of the defendants may tend to establish the crime of adultery. Therefore, any question relating to defendant’s domicile may tend to incriminate them.
In the comparable case of Wiener v. Wiener (283 App. Div. 950), a question similar to questions 2 and 4 set forth above was asked but answer refused thereto on the same constitutional *792 ground urged herein and the court sustained the refusal, stating: “ The constitutional and statutory safeguards (N. Y. Const., art. I, § 6; Civ. Prac. Act, § 355; cf. Code Grim. Pro., §§ 10, 392-a) protect a person from being required to furnish evidence which might tend to show that he has committed a crime or will ‘ tend to accuse himself of a crime ’ (Civ. Prac. Act, § 355; Counselman v. Hitchcock, 142 U. S. 547, 562; People ex rel. Lewisohn v. O’Brien, 176 N. Y. 253). When the statutes relating to the crimes of adultery (Penal Law, §§ 100, 101), bigamy (Penal Law, § 340), and perjury and subornation of perjury (Penal Law, art. 158) are considered in the setting involved at the time of the examination before trial, it is apparent that the appellant’s conduct was not clearly contumacious, that he had the right to judge for himself as to the effect of his answer, and that ‘ a responsive answer to the question or an explanation of why it cannot be answered might be dangerous ’ (Hoffman v. United States, 341 U. S. 479, 487; United States v. Reynolds, 345 U. S. 1; Matter of Grae, 282 N. Y. 423; People ex rel. Lewisohn v. O’Brien, supra).”
In view of the foregoing, defendant Albert Schwartz’s refusal to answer the questions propounded as aforesaid is sustained (see, also, Goldwurm v. Levey, 135 N. Y. S. 2d 212).
Defendant Frieda Schwartz was asked but refused to answer the question: Please tell me the date when and where you were married?
The question was objected to on the ground that the order ' granting the examination of defendants denied plaintiff’s right to inquire into that matter, which was embodied in item 10 of plaintiff’s notice of motion, as not being within the issues.
It was further urged that even if item 10 had been allowed the question would not be answered on the constitutional ground mentioned. The record herein supports the contention that item 10 was ruled out and the refusal to answer is therefore sustained on that ground — thus there is no necessity to rule on the constitutional privilege.
Settle order on notice accordingly.