Edgar J. Nathan, Jr., J.
Motion by plaintiff in a matrimonial action to compel acceptance of an unverified reply is granted (Civ. Prac. Act, § 248). The answer asserts in an affirmative defense and a counterclaim the invalidity of plaintiff’s foreign divorce from her prior husband.
Testimony by plaintiff with respect to the allegations of the answer might reasonably be claimed by her to be privileged as possibly furnishing the means of convicting her of adultery in this State (Penal Law, art. 8). Accordingly she should not be required to verify her reply, irrespective of the contents thereof. As was said in Thompson v. McLaughlin (138 App. Div. 711, 713): “ The privilege of not testifying respecting acts which constitute a crime extends to a denial as well as confession of guilt, and, therefore, where the pleading alleges facts which constitute a crime a party so charged may answer without verification. (Matter of Peck v. Cargill, 167 N. Y. 391.) ”
Defendant contends that article 8 of the Penal Law is “ a dead letter ” and is not enforced. Consequently, it is argued, there is no “real danger” of self incrimination (Heike v. United States, 227 U. S. 131, 144 quoted in Mason v. United States, 244 U. S. 362, 365).
A new test of danger of self incrimination is thus suggested, viz., likelihood of executive enforcement of an otherwise applicable statute. The possibility of immunity in fact which is advanced by defendant falls short of the protection which may be obtained in a proper case pursuant to statute before testifying (Penal Law, § 2447). In the context presented no reason appears for such a limitation of the privilege or a departure from precedent which allows a claim of privilege against self incrimination as to adultery (Wiener v. Wiener, 283 App. Div. 950; Schwartz v. Schwartz, 4 Misc 2d 790).
Lastly defendant asserts that plaintiff has “waived any privilege to decline to verify her present reply ” because she verified a reply to the superseded answer. The prior reply *985 contained denials identical with those in the unverified reply which defendant has rejected. The unverified reply, in addition, contains new matter which, it is separately argued by defendant, is not privileged. A party may not be compelled to verify a pleading consisting of ‘1 denial * * * of guilt ” (Thompson v. McLaughlin, 138 App. Div. 711, 713, supra); neither does voluntary verification of such denials constitute a waiver of the constitutional privilege against self incrimination (Southbridge Finishing Co. v. Golding, 208 Misc. 846, affd. 2 A D 2d 882). Accordingly plaintiff is free not to verify her reply and defendant must accept it.