Abraham N. Geller, J.
This case was remitted to this court by the Court of Appeals for the purpose of holding a hearing *210 and rendering a decision on the issue of the voluntariness of defendant’s confession (People v. Huntley, 15 N Y 2d 72). Defendant was convicted in 1960 with two other defendants of robbery, first degree, after a trial in which the voluntariness of his oral confession, dictated to and written down by one of the two detectives working on this matter, was explored at a voir dire examination and submitted to the jury.
[Testimony as to voluntariness of confession omitted.]
The final item to be considered is the extent of crpss-examination of defendant and the effect to be given to prior convictions and matters bearing on guilt of the crime involved and the truth of the confession, if permitted to be elicited.
The general rule in this State is that a defendant who takes the stand and testifies in his own behalf, waives the privilege against self-incrimination and may also be interrogated, like any ordinary witness, with regard to prior convictions or any criminal act affecting his credibility as a witness, the manner and extent thereof being largely within the discretion of the Trial Judge (People v. Tice, 131 N. Y. 651; People v. Trybus, 219 N. Y. 18; People v. Sorge, 301 N. Y. 198). The question is as to whether this rule is to be modified in a Jackson-Denno (378 U. S. 368) hearing and, if so, to what extent and import.
As to prior convictions, section 2444 of the Penal Law provides that they may be proved either by the record or by cross-examination, upon which he must answer any proper question relevant to that inquiry. In Sorge, Judge Fuld said (p. 201): ‘ ‘ A knowledge of those acts casts light upon the degree of turpitude involved and assists in evaluating the witness’ credibility ”. Here defendant has had four prior convictions, one of which was for a robbery in which he held a. straight razor to the neck of a taxicab driver. But, where the issue is the voluntariness of a confession as to which a defendant’s rights are predicated upon the constitutional privilege against self-incrimination, Justice Frankfurter has enjoined that its determination must not be influenced by knowledge that “ the accused is a bad man with a long criminal record ” (dissenting in Stein v. New York, 346 U. S. 156, 200, which was overruled in Jackson v. Denno). It would appear that the reasonable rule in a Jackson-Denno hearing should be to permit cross-examination within the proper discretionary range of the general rule as to matters affecting credibility, keeping in mind, however, that determination of voluntariness must be based upon a fin ding of persuasive relevant factors, whether in addition to or apart from the matter of credibility as affected by defendant’s *211 criminal record. The court has considered defendant’s prior convictions in that light.
The remaining question is whether a defendant may be cross-examined in a Jackson-Denno hearing with respect to his guilt of the crime involved or the truth of the confession. The basic premise of Jackson is that a defendant has the constitutional right to a reliable determination of the issue of voluntariness of an alleged confession uninfluenced by its truth or falsity; that the truth or untruth of the confession is immaterial in the consideration of the preliminary question of coercion; that the New York procedure was unconstitutional because of the danger that matters pertaining to defendant’s guilt infected the jury’s findings of fact bearing upon voluntariness. Jackson (p. 384) quoted with approval from Justice Frankfurter’s dissent in Stein: “ The determination must not be influenced by an irrelevant feeling of certitude that the accused is guilty of the crime to which he confessed.” As Justice Brack pointed out in his Jackson dissent (p. 402), Judges as human fact-finders may also find it difficult to disregard a coerced confession if they believe the confession to be true and defendant guilty. In Rogers v. Richmond (365 U. S. 534, 544) the court stated that the Connecticut Trial Judge should have focused his attention on the question of voluntariness —“ a question to be answered with complete disregard of whether or not petitioner in fact spoke the truth.”
This plainly indicates that cross-examination on guilt or truth of the confession should not be permitted because of irrelevancy and prejudice to a fair and reliable determination of the issue. There is a further practical reason for such limitation of cross-examination. Tinder the former New York procedure, if a defendant attempted to take the stand solely to testify as to involuntariness of a confession, he could, in the discretion of the Trial Judge, be subjected to general cross-examination, including, as pointed out in Trybus (219 N. Y. 18, 24, supra), whether he had committed that crime and if his incriminating statement was true. Jackson (p. 389, n. 16) pointed to this as a further obstacle to a reliable determination of voluntariness under New York law — that, although a defendant might perhaps be the only source of testimony on his claim of coercion, he might well be deterred from testifying on the voluntariness issue when the jury was present because of his vulnerability to impeachment by broad cross-examination. Jackson held (p. 395, n. 23) that a defendant was entitled to an opportunity to testify in the absence of a jury as to the facts surrounding the -confession.
*212 It would appear, then, that the holding in Trybus is inapplicable in a Jacks on-Denno hearing and that cross-examination on matters of guilt or truth of the confession should not be permitted (see Richardson on Evidence [9th ed.], p. 319). That is — unless defendant on his direct examination has affirmatively stated his innocence of the crime. Here, for example, defendant in giving his version of the police interrogation testified that he told the detectives that he did not know anything about a payroll robbery but that, after two blows, loud screaming in the station, and the threat to give him the same, he confessed to the crime. As the record then stood, there was an implication that an innocent man had confessed solely because of coercion. In that circumstance the District Attorney was entitled to probe on cross-examination the question of guilt or innocence and attempt to dispel the implication suggested on direct. A defendant has no right to set forth facts on a subject to his advantage without laying himself open to a cross-examination upon that entire subject (Brown v. United States, 356 U. S. 148, 154; People v. Cassidy, 213 N. Y. 388, 394).
Defendant’s motion to strike that portion of the cross-examination is denied. The matter elicited as to defendant’s participation in the crime has merely been considered as refuting or canceling out defendant’s direct testimony of noncomplicity. Determination of voluntariness has been made without regard to the testimony as to guilt or innocence or the truth of the confession.
Since the question has been raised, it should be noted that testimony given at a preliminary and separate proceeding is not a waiver of the constitutional privilege for the main trial (8 Wigmore, Evidence [McNaughton Rev.], pp. 470-471) and that any admissions of a self-incriminatory nature obtained in a Jackson-Denno “ proceeding separate and apart from the body trying guilt or innocence,” (p. 394), may not be used at a subsequent trial of that charge (see People v. Cassidy, 213 N. Y. 388, 395, supra; Matter of Neff, 206 F. 2d 149, 152). In People v. Williams (25 Ill. 2d 562), where defendant testified only in support of her action to suppress, the court held that she had waived her privilege against self incrimination only with respect to the issue of the legality of the search and that her testimony could not be used in any way for the purpose of the main trial. The rationale of Jackson is that a defendant should be given the opportunity to contest voluntariness and testify at a separate hearing to secure and certainly not to endanger his rights for the main trial. But, of. course, if defendant should take the stand at a subsequent trial and deny his guilt, his privilege would *213 be waived and the door would be opened to using these admissions (Walder v. United States, 347 U. S. 62, 65).
This constitutes the court’s decision finding that no force or threats were used by the police and that the confession is voluntary beyond a reasonable doubt.