Arnold L. Fein, J.
Plaintiff requests that defendants Jack Amiel and Linda Burns be. directed to answer approximately 100 questions which Burns refused to answer on her examination before trial on the ground that her answers might tend to incriminate her. It was stipulated that Amiel would make the same responses, if examined.
A party to a civil action may be required to appear and answer questions on an examination before trial. However, he is entitled to rely on the privilege against self incrimination and to refuse on that ground to answer questions put to him, where the danger of self incrimination exists (Steinbrecher v. Wapnick, 24 N Y 2d 354 ; Bradley v. O’Hare, 2 A D 2d 436).
Plaintiff asserts that these defendants have waived the privilege because of- (1) the form of the denials and affirmative defenses in their verified answer; and (2) an affidavit submitted on behalf of Burns, on a successful motion to dismiss an indictment against her, in which she indicated her desire to tell her version of the transaction to the Grand Jury.
*31 The complaint in this action to recover certain jewelry, or the agreed price thereof amounting to $347,855, alleges that the jewelry was delivered to defendant Rosenstiel on memorandum receipt, and that ‘ ‘ unknown to plaintiff and without plaintiff’s permission, defendant Susan Rosenstiel delivered to defendants ” Amiel and Burns a portion thereof priced at approximately $94,000.
In her answer, Rosenstiel alleges that such property is ‘ ‘ unlawfully withheld from her by co-defendants Linda Burns and/or Jack Amiel ”.
Where a pleading alleges facts constituting a crime, the responsive pleading, irrespective of its contents, is not required to be verified (Steinbrecher v. Wapnich, supra ; Thompson v. McLaughlin, 138 App. Div. 711 ; Sunley v. Badler, 33 N. Y. S. 2d 642 ; Magowan v. Magowan, 39 Misc 2d 983 ; see CPLR 3020, subds. [a], [b], par. 1 ; cf. Manners & Co. v. Sohnen, 206 Misc. 845 ; Knight v. Maybee, 44 Misc 2d 152 ; Practice Commentaries by Professor David D. Siegel, in McKinney’s Cons. Laws of N. Y., 1969-1970 Pocket Part, Book 7B CPLR 3020, pp. 175-178).
Despite this rule, defendants Amiel and Burns interposed a verified answer, consisting of denials and affirmative defenses; alleging in substance that: (1) the jewelry was purchased from plaintiff by Rosenstiel as a gift for defendants Amiel and Burns; (2) it was presented to them by defendant Rosenstiel as a gift; (3) Rosenstiel paid plaintiff for the merchandise; and (4) plaintiff knew the jewelry was purchased as a gift for Amiel and Burns.
Plaintiff argues that defendants’ voluntary verification of such answer asserting affirmative claims amounts to a waiver. Contrary to plaintiff’s assertion, the law is now settled that the verification of an answer is not a waiver of the privilege and cannot be used as a basis for requiring the party or witness to answer questions on an examination before trial or on the trial itself (Steinbrecher v. Wapnick, 24 N Y 2d 354, supra ; Southbridge Finishing Co. v. Golding, 208 Misc. 846, affd. 2 A D 2d 882 ; Meyer v. Mayo, 173 App. Div. 199 ; Magowan v. Magowan, 39 Misc 2d 983, supra). Nor does the fact that the pleading contains affirmative defenses amount to a waiver (Southbridge Finishing Co. v. Golding, supra).
Reliance on the privilege will not be permitted where one seeks affirmative relief and to permit the plea would unfairly prejudice an adversary. Thus a complaint will be dismissed where a plaintiff pleads the privilege on his examination before trial (Levine v. Bornstein, 6 N Y 2d 892). For the same reason, *32 the plea will not be permitted to bar cross-examination (Brown v. United States, 356 U. S. 148). However, the rule is otherwise where the posture is purely defensive although asserted by way of affirmative defenses, or in an affidavit seeking relief from a provisional remedy, or even where some answers have already been given on an examination before trial (Steinbrecher v. Wapnick, supra ; Matter of Siegel v. Crawford, 292 N. Y. 651, affg. 266 App. Div. 878). The plea has even been permitted to bar inquiry of the legally designated custodian of organizational records as to their whereabouts even though he might be required to produce them if they were independently shown to be in his possession. (Bradley v. O’Hare, 2 A D 2d 436, supra.) This holding is a sufficient answer to plaintiff’s contention that information as to the location of the jewelry is essential to avoid frustration of a requisition issued to the Sheriff to seize the jewelry.
Defendant Burns was indicted by a New York County Grand Jury for allegedly stealing from defendant Rosenstiel certain property having an aggregate value of $94,000 (apparently some of the-jewelry here involved), and for having such stolen property in her possession.
The indictment was set aside on the basis of an affidavit by the attorney for Burns, which asserted that the jewelry was given to Burns by Rosenstiel as “ gifts ” and that the indictment was obtained without affording Burns an opportunity to tell her version of the facts to the Grand Jury.
The order setting aside the indictment directed the District Attorney to afford Burns an opportunity to appear before the Grand Jury and to testify with respect to her receipt and possession of the items.
Contrary to plaintiff’s contention, the affirmative claims in the attorney’s affidavit and the offer to testify did not constitute a waiver. It is immaterial that in another proceeding, even though related to the same subject matter, the witness has either not pleaded the privilege or has answered in such a manner as in that proceeding would amount to a waiver (People v. Cassidy, 213 N. Y. 388 ; Matter of Burdy v. Conroy, 182 Misc. 476 ; People ex rel. Taylor v. Forbes, 143 N. Y. 219 ; Steinbrecher v. Wapnick, 24 N Y 2d 354, supra ; see People v. Huntley, 46 Misc 2d 209, affd. 27 A D 2d 904, affd. 21 N Y 2d 659). As these cases hold, there would be no waiver even if it could be shown that Burns appeared before the Grand Jury and testified in answer to questions substantially the same as those she now refuses to answer on this examination before trial.
*33 Plaintiff urges that even if the verified answer and the affidavit in the criminal case do not amount to a waiver, they demonstrate that the assertion of the privilege is not made in good faith and that the burden of showing good faith is on defendant. The rule is to the contrary. As Steinbrecher (supra) holds, “ even where the witness has' already given testimony as to a particular transaction, he is still entitled to refuse to answer questions unless it is ‘ perfectly clear and plain * * * that the answer cannot possibly injure him, or tend in any degree to subject him to the peril of prosecution’ ”. (Steinbrecher v. Wapnick, 24 N Y 2d 354, 361, quoting People ex rel. Taylor v. Forbes, 143 N. Y. 219, 231). “ Where it is not so perfectly evident and manifest that the answer called for cannot incriminate, as to preclude all reasonable doubt or fair argument, the privilege must be recognized and protected.” (People ex rel. Taylor v. Forbes, 143 N. Y. 219, 231.)
Unless it is clearly apparent that the plea is not made in good faith, the witness is the best judge of whether an answer will tend to incriminate him, since he is obviously in possession of more facts than are known to the court or other parties (Triangle Pubs. v. Ferrare, 4 A D 2d 591). Abrams v. United States (64 F. 2d 22) and United States v. Weisman (111 F. 2d 260), relied on by plaintiff, are not to the contrary. As stated in Weisman (supra, p. 262): “ Obviously a witness may not be compelled to do more than show that the answer is likely to be dangerous to him, else he will be forced to disclose those very facts which the privilege protects ”.
The hundred or so questions here involved basically inquire as to (1) the relationship among the three defendants, (2) the purported signature of Burns, (3) the source of the jewelry and its possession as a gift or otherwise by defendants Amiel and Burns, (4) the whereabouts of the jewelry, and (5) a description or identification of the jewelry by use of pictures.
Some of the questions seem to be relatively formal and harmless. However, in context, the spectre of incrimination is clear. As noted in Stembrecher (supra), the fact that the witness answered such questions was sought to be relied on as establishing a waiver or bad faith. Although the court found there was neither a waiver nor bad faith, the case teaches that the witness’ judgment must control, unless the plea is clearly without foundation.
Accordingly, plaintiff’s request that the witnesses be directed to answer the questions submitted is hereby denied.