[No. 998-3.    Division Three.    March 13, 1974.]

DARCY D. SCHERMERHORN, *Respondent,* v. HUGO A. CONTARDI, *Petitioner.*

*James S. Scott* (of *Smith, Scott & Hanson*), for petitioner.

*G. William Baker* (of *Fortier & Baker*), for respondent.

BARNETT, J.*—This case arises out of the initiation of legal action against the petitioner by the respondent for alienation of affections and criminal conversation of the respondent's wife. To the complaint, the petitioner answered generally denying the allegations of the complaint. The defendant signed the verification. This case is before the court on a writ of certiorari from the trial court's ruling regarding the petitioner's right to claim the privilege against self-incrimination in pretrial discovery proceedings, and also from the court's ruling on respondent's motion for summary judgment as to liability on the issue of criminal conversation.

In the course of the pretrial discovery procedures, respondent requested the right to take the petitioner's discovery deposition. At said deposition, petitioner refused to answer all questions regarding the relationship with respondent's wife on the grounds that the answers to these questions might tend to incriminate him. Subsequently, respondent on October 3, 1973, made a "Motion to Compel Discovery and For Terms." The court found that the defendant-petitioner herein waived his privilege of self-incrimination by filing an answer to plaintiff's complaint and compelled the defendant to answer all questions relating to his denials of allegations in plaintiff's complaint. Hence, the sole question before the court is whether or not the filing of an answer and the verification which was signed by the defendant waives his right to claim privilege against self-incrimination. We disagree with the ruling of the trial court.

---

*Judge Dolph Barnett is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

738

■ Although our research has disclosed no Washington decision which is in point, we hold that the following cases sustain our view that there has been no waiver.

In *Southbridge Finishing Co. v. Golding,* 208 Misc. 846, 143 N.Y.S.2d 911 (Sup. Ct. 1955), the court held that the fact that defendant in a civil action served a verified answer which denied plaintiff's charges of crime was not a waiver of defendant's privilege against self-incrimination even though the answer added to denials affirmative defenses which did not contain incriminating admissions.

In *Southbridge* the court said, at page 848:

To the uninitiated and the naive and also to some other people whom it would not occur to me to so describe, it is manifestly and necessarily inconsistent for a man to assert that he is innocent and yet claim that his answers to questions may tend to incriminate him. In their view, nothing that an innocent man truthfully says in answer to any question may tend to incriminate him, and, therefore, the assertion of innocence necessarily demonstrates that the claim of possible incrimination is not made in good faith, and, conversely, the claim of possible incrimination is necessarily an admission of guilt. But, as many courts have pointed out in numerous cases over a long period of time, that bit of logical formalism has no relation to reality.

It is of course well-settled law that no inference of guilt can be drawn from an assertion of the privilege; and I am of the opinion that, except in occasional instances under comparatively rare circumstances, such an inference is just as inadmissible in the realms of morals, logic and justice as it is in a courtroom.

Rarely, if ever, can the guilt or innocence of a person be determined from one single act, fact, or circumstance. Generally, if not always, the prosecutor who would convict must piece together many acts, many facts, and many circumstances; and the advocate who would obtain an acquittal must meet the prosecutor's chain of evidence with another chain of other acts, facts, and circumstances. Many an innocent man has found himself unwittingly enmeshed in a combination of circumstances which point strongly to his being guilty of some crime. Sometimes such a man escapes prosecution only because the

prosecutor lacks one detail which is essential to a reasonable chance of obtaining a conviction and is obtainable only from the man himself. Sometimes such a man, upon being prosecuted, is able to obtain acquittal only because he cannot be compelled to give proof of that missing detail; and occasionally some innocent man is actually convicted of a crime he did not commit.

Denial of guilt hence is not a confession that the claim of possible incrimination is not put forward reasonably and in good faith; and, conversely, assertion of the privilege against self incrimination is not a confession of guilt.

In *David Webb, Inc. v. Rosenstiel,* 66 Misc. 2d 29, 319 N.Y.S.2d 877 (Sup. Ct. 1970), the court held inter alia that the voluntary verification of answers asserting affirmative claims did not amount to a waiver of privilege; and although some of the questions appeared to be relatively formal and harmless, in context the spectre of incrimination was clear and defendant who had not waived privilege and who was not asserting the same in bad faith would not be required to answer. The court said, at page 31:

Plaintiff argues that defendants' voluntary verification of such answer asserting affirmative claims amounts to a waiver. Contrary to plaintiff's assertion, the law is now settled that the verification of an answer is not a waiver of the privilege and cannot be used as a basis for requiring the party or witness to answer questions on an examination before trial or on the trial itself.

Based upon the above authorities, we hold that the defendant by verifying the answer has not waived his privilege against self-incrimination.

In the briefs, this court is invited to pass upon the summary judgment granted by the trial court. If we were inclined to do so in this proceeding, it would be impossible because there is no record of the summary judgment proceeding before us, and for the further reason that a pretrial order limiting the issues to be tried to that of damages

740

cannot be reviewed by certiorari in advance of trial. *See Maybury v. Seattle*, 53 Wn.2d 716, 336 P.2d 878 (1959).

Reversed.

GREEN, C.J., and McINTURFF, J., concur.