DEBRA ANNE GUNN, PLAINTIFF v. LORA L. HESS, DEFENDANT

No. 8715SC1196

(Filed 3 May 1988)

**Rules of Civil Procedure § 33; Constitutional Law § 77— criminal conversation and alienation of affections—interrogatories—assertion of right against self-incrimination properly exercised**

　　In an action for alienation of affections and criminal conversation, defendant's filing of a verified answer did not constitute a waiver of the right to assert the privilege against self-incrimination, and she could properly assert this

privilege in refusing to answer interrogatories with regard to her sexual behavior toward plaintiff's husband.

APPEAL by defendant from *Brewer, Judge*. Order entered on 17 November 1987 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 14 April 1988.

This is an action for alienation of affections and criminal conversation.

*Latham, Wood, Eagles & Hawkins, by William A. Eagles, for plaintiff-appellee.*

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by Wiley P. Wooten and T. Randall Sandifer, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff instituted this action on 17 April 1987 by the filing of complaint and issuance of summons. Plaintiff alleges a cause of action for alienation of affections and criminal conversation with plaintiff's husband. Plaintiff sought both compensatory and punitive damages.

On 13 May 1987, defendant filed a verified answer to the complaint generally denying the allegations.

On 9 June 1987, plaintiff served defendant with twenty-one interrogatories. Among other things, the interrogatories contained questions addressing possible sexual activity between defendant and plaintiff's husband.

On 24 June 1987, defendant filed notice of objection to interrogatories 1, 6-15 and 19. Defendant objected to interrogatories 1, 10 and 11 on the ground of relevancy; and objected to the others on the ground that defendant's answers to them "may tend to incriminate the defendant" in violation of her rights under the Fifth Amendment to the United States Constitution.

On 6 July 1987, defendant served her answers to plaintiff's interrogatories, partially answering some and objecting to others. On 8 October 1987, plaintiff filed her motion to compel defendant to answer interrogatories.

On 17 November 1987, the trial court entered an order compelling defendant to answer interrogatories 1, 9, 10, 14 and 15. From this order, defendant appeals.

Defendant assigns as error the overruling of her objections to, and the court's requiring her to answer, plaintiff's interrogatories 14 and 15.

Interrogatories 14 and 15 read as follows respectively:

State the date and location of the first instance of sexual intercourse between you and Robert J. Gunn, Jr.

State the date and location of each instance of sexual intercourse between you and Robert J. Gunn, Jr.

Defendant argues that answers to these questions could be incriminating to defendant. Plaintiff contends that by filing a verified answer defendant waived her right to assert the privilege against self-incrimination.

Constitutional guarantees against self-incrimination apply not only to criminal actions but also to civil proceedings "wherever the answer might tend to subject to criminal responsibility him who gives it." *Johnston County Nat'l Bank and Trust Co. v. Grainger*, 42 N.C. App. 337, 339, 256 S.E. 2d 500, 502, *disc. rev. denied*, 298 N.C. 304, 259 S.E. 2d 300 (1979) (*quoting McCarth v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158, 161 (1924); *Accord, Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964)).

It is unquestionable that the right against self-incrimination may be waived.

The waiver [of the privilege against self-incrimination] may be express or specific, that is, by word of mouth or by writing, or it may be by some act amounting to waiver; . . .

*Golding v. Taylor*, 19 N.C. App. 245, 248, 198 S.E. 2d 478, 480, *cert. denied*, 284 N.C. 121, 199 S.E. 2d 659 (1973) (*quoting* 98 C.J.S., Witnesses, sec. 456 (1957)).

The sole question presented by this appeal is whether the defendant waived her right to claim the privilege against self-incrimination by verifying and filing her answer of general denial. Our research discloses no North Carolina decision which is on

point. This appears to be a question of first impression for this jurisdiction. Therefore, we have looked to other jurisdictions to see if and how this specific issue has been resolved. We have found the following cases which sustain our view that there has been no waiver.

In *Schermerhorn v. Contardi,* 10 Wash. App. 736, 520 P. 2d 188 (1974), an action for alienation of affections and criminal conversation, the defendant, as in the case *sub judice,* filed a verified answer generally denying the allegations of the complaint. During pretrial discovery procedures, plaintiff requested the right to take defendant's deposition. At the deposition hearing, defendant refused to answer all questions regarding the relationship with plaintiff's wife on the ground that the answers may have tended to incriminate him. Subsequently, plaintiff made a motion to compel defendant to answer. Upon the hearing of plaintiff's motion to compel, the trial court held that defendant had waived his privilege against self-incrimination by filing an answer to the complaint and compelled defendant to answer all questions relating to his denials of allegations in the complaint. On appeal to the Court of Appeals of Washington, the Court reversed, holding that defendant's filing of answer and verification did not constitute a waiver of right to claim the privilege against self-incrimination.

In *Southbridge Finishing Co. v. Golding,* 208 Misc. 846, 143 N.Y.S. 2d 911 (1955), plaintiff sued defendant for conspiracy to cheat and defraud plaintiff, with resulting damage to plaintiff. The Court held that where defendant filed a verified answer denying the allegations of plaintiff's complaint, such filing did not constitute a waiver of defendant's privilege against self-incrimination.

In our State, fornication and adultery are general misdemeanors. G.S. 14-184. Defendant could properly claim the privilege against self-incrimination when asked in effect by pretrial interrogatories 14 and 15 whether she had committed adultery or fornication. Under our discovery rules of civil procedure, "[p]arties may obtain discovery regarding any matter *not privileged* which is relevant to the subject matter involved in the pending action," . . . (emphasis added). G.S. 1A-1, Rule 26(b)(1). Although the privilege may be waived, we find *Schermerhorn* and *Southbridge* persuasive and hold that the mere filing of a verified

answer does not operate to effectuate a waiver of the right to assert the privilege against self-incrimination. We note that in the instant case, interrogatories 14 and 15 disclose on their face reasons why an answer might be incriminating. Also, in addition to seeking compensatory damages, plaintiff seeks punitive damages. Defendant's answers to interrogatories 14 and 15 might also necessarily tend to subject her to a verdict or an award of punitive damages, and to an execution against her person. N.C.G.S. 1-410; *Edwards v. Sorrell*, 150 N.C. 712, 64 S.E. 898 (1909). Defendant, not having waived her right to the privilege against self-incrimination, could and did properly assert that right. It was therefore error for the trial court to overrule defendant's objection and to compel her to answer plaintiff's interrogatories 14 and 15.

We, therefore, reverse and vacate that part of the trial court's order compelling defendant to answer plaintiff's interrogatories 14 and 15.

Reversed and vacated.

Judges PHILLIPS and SMITH concur.