HARRY WALLER, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff as the result of slipping and falling on an accumulation of snow and ice covering a sidewalk, defendant appeals from a judgment in favor of plaintiff entered upon a jury verdict. Judgment affirmed, with costs. No opinion. Nolan, P. J., Wenzel, MacCrate and Murphy, JJ., concur; Adel, J., dissents and votes to reverse the judgment and to grant a new trial, on the ground that the verdict is against the weight of the credible evidence.

REGINA WIENER, Respondent, v. JESSE L. WIENER, Appellant, et al., Defendants.— In an action for a judgment declaring respondent to be appellant's lawful wife and declaring any purported divorce decree obtained by appellant against respondent to be invalid, and restraining the appellant and his alleged paramour from holding themselves out as husband and wife, the appeal is from an order adjudging appellant to be guilty of contempt of court for refusal to answer a question on the ground that the answer might tend to incriminate him. Order reversed, without costs, and motion denied, without costs. Respondent obtained an order directing appellant to appear and be examined as an adverse party concerning any divorce purported to have been obtained by him. He was directed, but refused, on the constitutional ground mentioned, to answer the following question: "Have you at any time ever obtained a divorce decree or a purported divorce decree against Regina Wiener, the plaintiff in this action, and, if so, will you state the date, the jurisdiction in which that divorce decree was obtained and the grounds for that divorce decree." The constitutional and statutory safeguards (N. Y. Const., art. I, § 6; Civ. Prac. Act, § 355; cf. Code Crim. Pro., §§ 10, 392-a) protect a person from being required to furnish evidence which might tend to show that he has committed a crime or will "tend to accuse himself of a crime" (Civ. Prac. Act, § 355; *Counselman* v. *Hitchcock*, 142 U. S. 547, 562; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253.) When the statutes relating to the crimes of adultery (Penal Law, §§ 100, 101), bigamy (Penal Law, § 340), and perjury and subornation of perjury (Penal Law, art. 158) are considered in the setting involved at the time of the examination before trial, it is apparent that the appellant's conduct was not clearly contumacious, that he had the right to judge for himself as to the effect of his answer, and that "a responsive answer to the question or an explanation of why it cannot be answered might be dangerous" (*Hoffman* v. *United States*, 341 U. S. 479, 487; *United States* v. *Reynolds*, 345 U. S. 1; *Matter of Grae*, 282 N. Y. 428; *People ex rel. Lewisohn* v. *O'Brien, supra*). Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

MARY WINBUSH, Individually and as Administratrix of the Estate of VIOLA WINBUSH, Deceased, et al., Respondents, v. CITY OF MOUNT VERNON, Appellant, et al., Defendants.— Upon remission of this appeal from the Court of Appeals (306 N. Y. 327), in pursuance of section 606 of the Civil Practice Act, for determination of the question of fact as to discretion, order of Special Term denying motion to dismiss the first and third causes of action and granting the cross motion to amend the notice of claim, insofar as not affirmed heretofore, affirmed, without costs. In the situation here presented, we find that discretion was properly exercised to grant the motion to amend the notice of claim. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.