■ In the Matter of S. ANONYMOUS, Petitioner, against GEORGE A. ARK-WRIGHT, as Justice of the Supreme Court of the State of New York, Respondent.— By an order of this court dated January 21, 1957, as amended by a subsequent order dated February 11, 1957, a judicial inquiry and investigation was directed with respect to the improper practices and abuses by attorneys in Kings County and by persons acting in concert with them, as alleged in the petition of the Brooklyn Bar Association. In part, the order directed inquiry with respect to practices "involving professional misconduct, fraud, deceit, corruption, crime and misdemeanor, by attorneys and by others acting in concert with them" and with "respect to any and all conduct prejudicial to the administration of justice by attorneys and others acting in concert with them". The order appointed an additional Special Term of the Supreme Court to conduct the inquiry and investigation and provided that the inquiry and investigation shall be conducted by a named Justice of the Supreme Court, "with full power to compel the attendance of witnesses, their testimony under oath and the production of all relevant books, papers and records". An attorney nominated by the Brooklyn Bar Association was designated to aid the said Justice in the conduct of the inquiry and in the prosecution of said investigation. The order also provided that "for the purpose of protecting the reputation of innocent persons, the said inquiry and investigation shall be conducted in private, pursuant to the provisions of the Judiciary Law (Section 90, subdivision 10); that all the facts, testimony and information adduced, and all papers relating to this inquiry and investigation, except this order, shall be sealed and be deemed confidential; and that none of such facts, testimony and information and none of the papers and proceedings herein, except this order, shall be made public or otherwise divulged until the further order of this court" and "that upon the conclusion of said inquiry and investigation the said Justice shall make and file with this court his report setting forth his proceedings, his findings and his recommendations." Pursuant to subpœna and subpœna duces tecum, petitioner, a physician, attended at the additional Special Term, was sworn and refused to answer questions. By this proceeding pursuant to article 78 of the Civil Practice Act, petitioner seeks to review the order of the additional Special Term adjudging him guilty of contempt and fining him $250. No issue is raised as to whether the review of the contempt order by an article 78 proceeding is proper. Determination annulled, without costs. During the questioning of petitioner his attorney was excluded from the room. Petitioner read into the record a statement prepared by his attorney in which he asserted his claim that the order of the Appellate Division was invalid and the additional Special Term had no power to inquire into his acts as he was not an attorney. Therein he also asserted his privileges as a citizen under the New York State Constitution (art. I, §§ 1, 6, 12) and under the United States Constitution (4th, 5th, 14th Amdts.), his rights and privileges under the common and statutory law of the State of New York and the United States, his privileges as a physician, and the alleged violation of his right to be represented by counsel during the inquiry. It was within the power and jurisdiction of this court to make the order directing the inquiry and investigation (N. Y. Const., art. VI, § 2; Judiciary Law, §§ 86, 90; *Matter of Bar Assn. of City of N. Y.*, 222 App. Div. 580; *Matter of Brooklyn Bar Assn.*, 223 App. Div. 149; *People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465), and petitioner was required to answer questions as to his actions in concert with an attorney, subject to his right to refuse to answer such questions if his answers would expose him to punishment for crime or if his refusals were based on other valid grounds. In its discretion the additional Special Term might have permitted petitioner's

attorney to be present while petitioner was being questioned, since it is clear that he was not merely a witness as to improper conduct of others but was himself to be questioned as to his own allegedly improper and unlawful acts in concert with an attorney, the petitioner in *Matter of M. Anonymous* (5 A D 2d 790). But the result of the inquiry and investigation as to petitioner would be merely a report and recommendation as to future action, and would not be a final determination as to him. It was not an abuse of discretion for the additional Special Term to exclude petitioner's attorney from the room while petitioner was being questioned, nor was it a violation of his constitutional rights (*People ex rel. McDonald* v. *Keeler*, 99 N. Y. 463; *Matter of Groban*, 352 U. S. 330; Judiciary Law, § 90). Section 73 of the Civil Rights Law is not applicable to this inquiry and investigation. However, a person's constitutional and statutory guarantees against self incrimination must be construed liberally in favor of the rights (*Quinn* v. *United States*, 349 U. S. 155; *Emspak* v. *United States*, 349 U. S. 190). The constitutional and statutory safeguards (N. Y. Const., art. I, § 6; Civ. Prac. Act, § 355; Code Crim. Pro., § 10) protect a person from being required to furnish evidence which might tend to show that he has committed a crime or will "tend to accuse himself of a crime or to expose him to a penalty or forfeiture" (Civ. Prac. Act, § 355; *Wiener* v. *Wiener*, 283 App. Div. 950). When the questions, for which petitioner was found guilty of contempt in refusing to answer, are considered in the setting involved when petitioner was being questioned, it cannot be properly held that petitioner's conduct was clearly contumacious. He had the right to judge for himself, under the prior advice of counsel, as to the effect of his answers and whether a responsive answer to the questions, or an explanation of why they would not be answered, might be dangerous (*Hoffman* v. *United States*, 341 U. S. 479, 487; *Wiener* v. *Wiener*, supra). The papers and records shall be sealed and deemed private and confidential, and no one shall have access to them without further order of this court or of the additional Special Term. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.