Lester Holtzman, J.
In this action for divorce, plaintiff moves for an order striking out defendant’s answer upon the ground that same is sham and frivolous, and punishing defendant for contempt for failure to answer questions propounded to her in her examination before trial.
In her answer defendant set up an affirmative defense that she had obtained a decree of divorce in Florida in 1956. On November 27,1962, this court entered an order directing defendant to appear for examination as to the aforesaid affirmative defense. When the examination was held on December 6, 1962, defendant only testified as to her name and address and pleaded the Fifth Amendment to all other questions relating to her affirmative defense. Apart from the fact that the motion is untimely made under rule 105 of the Rules of Civil Practice, there is no merit to plaintiff’s contention.
In a much stronger situation than the case at bar, the Appellate Division, Second Department, reversed an order of this *553 court adjudging the husband in contempt for refusal to answer a question on the ground that the answer might tend to incriminate him. (Wiener v. Wiener, 283 App. Div. 950.) The appellant was directed but refused, on the constitutional ground mentioned, to answer the following question: “-Save you at any time-ever obtained a divorce decree or a purported divorce decree against Regina Wiener, the plaintiff in this action, and, if so, will you state the date, the jurisdiction in which that divorce decree was obtained and the grounds for that divorce decree. ’ ’ The Appellate Division held that the constitutional and statutory safeguards of the New York State Constitution protect a person from being required to furnish evidence which might tend to show that he has committed a crime or will “ tend to accuse himself of a crime.”
Accordingly, plaintiff’s motion is denied in its entirety.