Mark A. Costantino, J.
Plaintiff moves to strike written interrogatories served by defendant in accordance with CPLR 3130. In this action for separation brought by plaintiff wife, defendant has interposed counterclaims for judgment declaring invalid for want of jurisdiction a divorce procured by her from a former husband in the State of Alabama and for an adjudication that the furniture and furnishings in the apartment formerly occupied by the parties are the sole property of the defendant. The interrogatories are designed to establish defendant’s contentions as to lack of domicile and jurisdiction for the foreign divorce and also to bolster his claim of title to the household property. Plaintiff’s objections are founded first, on the plea that her answers would be self-incriminatory since a determination that her prior divorce is void or invalid would ipso facto expose her to a charge of bigamy and adultery and further, that any admission that she is 1 ‘ wrongfully withholding ” the household possessions would also be an admission of a crime.
This court must hold with plaintiff on her objections to any testimony that might establish the invalidity of her foreign divorce. The privilege against self incrimination is secured by Constitution, statute and a long line of cases (N. Y. Const., art. I, § 6; U. S. Const., Amdt. V; CPLR 4501 [formerly Civ. Prac. Act, § 355]; Wiener v. Wiener, 283 App. Div. 950; Jones v. Jones, 144 N. Y. S. 2d 820). The privilege has been reinforced with respect to disclosure proceedings by enactment of CPLR 3101, subd. (b) which provides: “Upon objection by a party privileged matter shall not be obtainable.” This section which has no counterpart in the Civil Practice Act apparently is intended to restate the prevailing case law to that effect (see Carmody-Wait, Cyclopedia of New York Practice, 1965 Supp., Vol. 5, ch. 43A, § 4).
Apparently, defendant’s counsel finds no reason to disagree with plaintiff’s objection concerning possible self incrimination with respect to the foreign divorce for his sole argument on the question revolves around the possible implications stemming from the assertion of such privilege. He cites Levine v. Bornstein (13 Misc 2d 161, affd. 7 A D 2d 995, affd. 6 N Y 2d 892), a matter originally determined in this court, as authority for the proposition that plaintiff’s complaint is subject to be stricken for refusal to respond to the interrogatories. X find no reason *1014 to quarrel with the ruling or reasoning in that matter but in the case now before the court no such question is raised at this time and I must make it very plain that no determination on that score is now made or intended.
As for the other portion of this objection by plaintiff (that any admissions with respect to the title in the home furnishings may similarly be prejudicial), this court can find no basis for plaintiff’s fears that she may thereby subject herself to'criminal prosecution. At worst, any answer would do no more than to establish that she “ owes a debt or is otherwise subject to a civil suit ” (CPLR 4501).
The remaining objection by plaintiff is completely untenable. CPLR 3132 provides in substance that interrogatories may be served without leave of court by a plaintiff within 20 days after service of the summons and complaint and by defendant within 5 days after such service upon him of the summons and complaint. Plaintiff’s counsel urges that since the interrogatories are framed in aid of defendant’s prayers for affirmative relief on his counterclaims, he is in effect a plaintiff and should be bound by the 20-day rule. This court can find no reasonable ground for thus revising or expanding the plain intent of the language of the rules. There is not the slightest doubt that if the authorities so intended, it could easily have been so framed. One of the sources from which it derives (TT. S. Code, tit. 28, rule 33) has been in effect for many years and has never been so construed and in the opinion of this court requires no such construction.
Accordingly, the motion to strike interrogatories numbered 1 through 5, inclusive, is granted and denied with respect to the remainder.