Louis B. Heller, J.
In an annulment action based upon the alleged invalidity of the foreign divorce decree theretofore obtained by defendant from his former wife for lack of jurisdiction, plaintiff seeks an examination before trial of the defendant, the defendant’s former wife and other persons with knowledge of material facts.
The fact that the examination before trial sought relates to an action for an annulment of a marriage is not in itself a bar to the examination (O’Connor v. O’Connor, 12 A D 2d 627). Am examination has been allowed where an essential element of the inquiry, as here, pertains to the spouse’s residence at the time the out-of-State divorce was obtained (Grinnell v. Grinnell, 15 A D 2d 468).
Defendant submits as further objection to his examination that his answers would tend to incriminate him by exposing him to a charge of bigamy. Constitutional and statutory safeguards protect any person, including a defendant in an annulment action, from being required to furnish evidence which *633 might tend to show that he has committed a crime (Wiener v. Wiener, 283 App. Div. 950). In the court’s view, the defendant has demonstrated just cause for asserting his constitutional right against self incrimination (see Rolnick v. Rolnick, 46 Misc 2d 1012).
The right to refuse to incriminate oneself is a personal right and, generally, must be claimed at the time the questions are asked (Heit & Weisenthal v. Licht, 218 App. Div. 753; see, also, People v. Laino, 10 N Y 2d 161, 174, and the dissenting opinion in People v. Ryan, 6 N Y 2d 975, 977, and cases therein cited). However, in the court’s opinion, since it is clear that relevant answers to the questions sought to be asked by the plaintiff (i.e., with respect to paragraph 8 of the complaint) would be privileged, it would be futile to order the examination. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.38.) The motion to examine defendant is denied.
Defendant objects to the examination of named witnesses claiming that special circumstances therefor have not been demonstrated. It is the court’s opinion that the circumstances presented herein warrant the determination that the “ ‘ examination [s] will promote the presentation of facts in aid of justice and in the orderly progress of a trial’”. (Mook v. Mook, 13 A D 2d 465, 467.) The motion to examine is granted only as to the witnesses named in the notice of motion, but denied without prejudice as to “ such other witnesses as may be necessary.”