■ ANONYMOUS, Respondent, v. ANONYMOUS, Appellant.— Order, Supreme Court, New York County, entered on January 7, 1972, unanimously reversed, insofar as appealed from, on the law and in the exercise of discretion, without costs and without disbursements, and the motion by defendant for protective order granted to the extent of vacating plaintiff's notice for discovery of defendant's medical records, reports, notices and documents, including defendant's copies or records of prescriptions for drugs given to plaintiff. The plaintiff, by the allegations of her complaint, charges the defendant with criminal acts, including violations of specific provisions of certain sections of the Penal Law, and seeks recovery of damages alleged to result directly from such acts. These records and papers, including the production of the same by the defendant on his appearance at Special Term, could "be used against him as admissions tending to prove his guilt or connection with any criminal offense of which he may then or afterwards be charged, or the sources from which or the means by which evidence of its commission or of his connection with it may be obtained." (See *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219, 228; see, also, *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253, 264–265.) The defendant was entitled to utilize this motion for a protective order for the purpose of asserting his privilege against self incrimination. (See *Haftel* v. *Appleton,* 42 Misc 2d 292, app. dsmd. 21 A D 2d 651; see, also, *Matter of Siegel* v. *Crawford,* 266 App. Div. 878, affd. 292 N. Y. 651.) Under the circumstances, Special Term erred in directing defendant to appear and produce the records and papers in his custody at Special Term although there was a reservation of his right, upon production of the same, to then exercise his privilege against self incrimination. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Eager, JJ.