OPINION OF THE COURT
Martin Evans, J.
In this action for, inter alia, assault and false arrest, defendant, Marsala, a nonparty witness (although named in the complaint), moves for a protective order. Plaintiff cross-moves for an order striking the answer of defendant Transit Authority because of its alleged willful failure to produce Marsala. At issue is the scope of the privilege against self incrimination as a means of avoiding pretrial disclosure in a civil case.
The complaint alleges that on October 20, 1981, in the West 4th Street subway station, two transit police officers, *1013 Marsala and the other individual defendant, Charles Apt, seized, detained and beat plaintiff without cause, in violation of his constitutional rights. Apt and the Transit Authority have apparently been served. It is conceded that Marsala has not been served in the action and that the Statute of Limitations has run as to him. He is thus not a party and can only be deposed as a nonparty witness.[1] Depositions were scheduled pursuant to a precalendar conference. Apt was deposed but Marsala repeatedly failed to appear. A conditional order was obtained striking the answer unless Marsala appeared. Despite further rescheduling, Marsala still has not appeared.
Marsala admits that the underlying incident is being investigated by the District Attorney, and states that he is invoking his privilege against self incrimination. He also claims that Apt has already been deposed, rendering Marsala’s appearance unnecessary. The contention regarding Apt is merely a non sequitur; that respecting the privilege is significant.
Plaintiff argues that the cross motion must be granted as a matter of right. He asserts that the defendant Transit Authority was required to produce its employee, and having not done so, is in violation of the precalendar order. He also claims that Marsala’s motion for a protective order is untimely, having been made after the time for taking the deposition had expired. Plaintiff, however, has not proven that the Transit Authority, the real party in interest,[2] willfully disobeyed the prior court order or that Marsala’s refusal to appear, even if unwarranted, should be chargeable to the Transit Authority. There is thus no basis for striking the Transit Authority’s answer at this time. In any event, such relief is not automatic or ministerial, but in the sound discretion of the court.
Plaintiff also claims that Marsala’s motion for a protective order is untimely, having been made after the time for taking the scheduled deposition had already passed. While plaintiff would be technically correct in an *1014 ordinary case, he is not correct here. This motion involves an important constitutional protection fundamental to our system of ordered liberty, and presents a problem which is likely to recur, in altered form, at trial. To summarily dismiss defendant’s motion on this ground may not only violate Marsala’s rights; it may effectively prevent plaintiff Garcia from obtaining any disclosure from Marsala, who is likely to continue to refuse to submit to examination. Even if plaintiff successfully seeks an order of contempt or other sanctions, he may still obtain none of the information which may be necessary to his case. Confronting the issue on this motion may well be the only way for the court to protect the rights of both movants.
The constitutional privilege against self incrimination enables a witness in a civil case to decline to answer questions which would tend to incriminate him in a criminal prosecution or expose him to a penalty or forfeiture. (US Const, 5th Arndt; see CPLR 4501.) It also permits him to have excluded from evidence in a civil case evidence obtained by a prior violation of the privilege. (See 5 Weinstein-Korn-Miller, NY Civ Prac, par 4501.02.) The privilege applies at all pretrial stages, including discovery proceedings. (See 5 Weinstein-Korn-Miller, NY Civ Prac, pars 4501.07, 4501.09.)
Movant may not invoke the privilege to avoid compliance with a particular disclosure device, absent proof that the disclosure sought is exclusively privileged, or would inevitably be incriminating. Where it appears that not everything sought in a deposition will be privileged, logic dictates that it should go forward; during the examination, the witness can then assert the privilege and decline to answer specific questions, which may be objectionable. Conversely, where it appears that all questions propounded at a deposition involve privileged matter, the court can, in its discretion, deny the examination completely. (See Di Francesco v Di Francesco, 47 Misc 2d 632.) There has been no such showing here.
Anonymous v Anonymous (39 AD2d 536), relied upon by Marsala, is inapposite. The court did grant a broad protective order against the disclosure sought; the disclosure there, however, sought production of known records and *1015 papers, not an oral deposition on unknown questions, as sought here. Marsala cannot know before the deposition that every question is impermissible. Moreover, it was demonstrated that the records sought in Anonymous (supra) were privileged.
Accordingly, Marsala’s motion for a protective order is denied. Marsala is directed to appear, and defendant is directed to produce him, at Special Term, Part II, on November 15, 1983, at 9:30 a.m. or at such other time and place as may be stipulated. Objections as to particular questions shall be resolved by the Justice presiding in Special Term, Part II. If any question is found to be objectionable because Marsala properly asserts the privilege, and such question is material to the preparation of plaintiff’s case, plaintiff may reschedule a deposition after the termination of the criminal prosecution when there is no longer a possibility that the answers could be incriminating.
Plaintiff’s cross motion is denied.

. CPLR 3101 (subd [a], par [1]) provides for full disclosure of all material and necessary evidence, regardless of burden of proof, by “a party or the officer, director, member, agent or employee of a party”. Marsala is clearly subject to disclosure as the employee of the defendant, Transit Authority.

. See Rivera v Laporte, 120 Misc 2d 733.