CULLINAN, State Excise Com'r, v. QUINN et al.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. INTOXICATING LIQUORS—BONDS—WRONGFUL SALE—QUESTION FOR JURY.

In an action on a liquor tax bond, evidence as to defendant's alleged breach of the liquor law *held* to require the submission of such question to the jury.

2. SAME—WITNESSES—EXAMINATION OF DEFENDANT—INCRIMINATING QUESTIONS —PRIVILEGE.

Where, in an action on a liquor tax bond, after defendant had rested, plaintiff recalled the defendant, and asked him whether the premises on which the alleged sales were conducted were in the same condition when they were subsequently examined by excise agents as they were when the sales occurred, defendant, when so recalled, was called by plaintiff as his own witness, and was therefore entitled to refuse to answer the question on the ground that his answer would tend to incriminate him.

Appeal from Trial Term, New York County.

Action by Patrick W. Cullinan, as state commissioner of excise, against Daniel F. Quinn and the Fidelity & Casualty Company of New York. From a judgment in favor of defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William E. Schenck, for appellant.
James J. Walsh, for respondent Quinn.
Charles C. Nadal, for respondent Fidelity & Casualty Co.

INGRAHAM, J. This action was brought to recover upon a bond given by the defendants to enable the defendant Quinn to obtain a liquor tax certificate to permit him to traffic in liquors at No. 623 Eleventh avenue, in the city of New York. The condition of the obligation was:

"That if the said liquor tax certificate applied for is given unto the said principal, and the said principal will not, while the business for which said liquor tax certificate is given shall be carried on, * * * violate any of the provisions of the liquor tax law, or any act amendatory thereof or supplementary thereto, * * * then the above obligation to be void; otherwise to remain in full force and virtue."

The violation of the law upon which this action is based was that the defendant Quinn did, on Sunday, February 16, 1902, wrongfully and unlawfully sell liquor upon his premises; that day being Sunday. In his application for a liquor tax certificate Quinn stated that the application was made under subdivision 1 of section 11 of the liquor tax law (Laws 1896, p. 51, c. 112, amended by Laws 1897, p. 207, c. 312, and Laws 1900, p. 849, c. 367); that he carried on the business of a hotel upon the premises; that such hotel conformed to the law, ordinances, rules, and regulations relating to hotels and hotel keepers; that his building contained at least 10 rooms above the basement, as required by the liquor tax law. Upon this application and the bond executed by the appellants there was issued the usual liquor tax certificate. The plaintiff introduced evidence tending to show that on Sunday, the 16th of February, four special agents of the state excise

department called at Quinn's liquor store and purchased whisky, without ordering or being furnished with a meal, and there was also evidence tending to show that the premises did not comply with the provisions of the statute as to the requisites of a hotel. The plaintiff then rested. The defendant introduced evidence tending to show that these special agents had come to his place of business, had ordered a meal, and with that meal were furnished whisky, and that the building complied with the requirements of the liquor tax law. Upon this testimony there was a question of fact for the jury, which was submitted to them by a charge which was unobjectionable, and to which no exception was taken; and I think the verdict of the jury was conclusive, unless there was error committed upon the trial to which an exception was·taken.

The only exception in the record which requires notice arises from the refusal of the court to require the defendant Quinn to answer certain questions asked°him by the plaintiff. Quinn was called as a witness for the defendants, and testified as to the sale of the whisky, and as to the premises upon which the whisky was sold. He was cross-examined by counsel for the plaintiff at considerable length in relation to the number of rooms in his hotel, their size, and who occupied them. After a redirect examination the defendants rested, whereupon the plaintiff called as a witness a special agent of the state excise commission, who examined the premises in October, 1902, seven months after the alleged violation of law. He produced a diagram of the premises as they existed at the time that he examined it. Plaintiff then recalled the defendant Quinn, and asked him whether the premises were in the condition in October that they were in the preceding February, at the time of the alleged violation. The defendant objected to answering on the ground that the answer would tend to incriminate him. That objection was sustained by the court, and the plaintiff excepted.

It does not appear that this was a cross-examination of the defendant. He had been fully cross-examined, and the defendants' had then rested their case. When the plaintiff recalled Quinn as a witness, he recalled him as his own witness, and the witness was then entitled to claim his privilege, and refuse to answer questions which would tend to incriminate him. Any question which would tend to show that his application for a liquor tax certificate was false would clearly tend to incriminate the witness, as tending to show him guilty of perjury in swearing to the application as well as guilty of a violation of the liquor tax law. And while this, if a part of the witness' cross-examination, he having testified to the condition of the premises upon the day of the alleged violation, might have been competent, the plaintiff having failed to ask that question upon cross-examination, and then, after the defendants had rested, having recalled Quinn as a witness, thereby making him a witness for the plaintiff, Quinn was then entitled to claim his privilege, and refuse to answer any question which would tend to criminate him. I do not think, therefore, that it was error for the court to allow the defendant Quinn to claim his privilege and refuse to compel him to answer this question; and,

as this is the only exception in the case that presents any question, I do not think we would be justified in ordering a reversal.

The judgment and order appealed from should be affirmed, with costs.   All concur.