COURT OF APPEALS,

January, 1915.

# THE PEOPLE v. JOSEPH CASSIDY AND LOUIS T. WALTER, JR.

(213 N. Y. 388.)

(1.) CONSPIRACY—EVIDENCE—WHEN COMPETENT ALTHOUGH CONSPIRACY NOT SPECIFICALLY CHARGED IN INDICTMENT.

When sufficient evidence of a common design and purpose amounting to a conspiracy has been given to make the question one for the jury, any evidence of the acts and declarations of the conspirators in furtherance of the common purpose is competent. It is not necessary in order to make such proof competent that the conspiracy should be charged in the indictment.

(2.) SAME.

When upon the trial of an action evidence is elicited on cross-examination from which an inference as to a fact favorable to a defendant may be drawn, subsequent evidence of other facts or circumstances showing that the inference sought to be drawn is not warranted becomes competent and material.

(3.) SAME—CONSTITUTIONAL PROVISION THAT IN A CRIMINAL CASE NO PERSON CAN BE COMPELLED TO BE A WITNESS AGAINST HIMSELF.

Admission made by a person who gives testimony in court of a transaction without asserting his constitutional privilege (U. S. Const. 5th amend.; N. Y. Const. art. 1, § 6; Penal Code, § 770) cannot be recalled, but a person who is entitled to the benefit of the constitutional provisions is entitled to that privilege in each new and independent proceeding, and if compelled to testify in another proceeding, the statute (Penal Code § 770) expressly provides for immunity.

People v. Cassidy, 164 App. Div. 15, affirmed.
People v. Walter, 164 App. Div. 25, reversed.

APPEAL by each of the above-named defendants from an order of the Appellate Division of the Supreme Court in the

second judicial department, entered October 2, 1914, which affirmed a judgment rendered at a Trial Term for the county of Kings upon a verdict convicting him of the crime of making, tendering and offering to procure and to cause a nomination to a public office upon the payment and contribution of a valuable consideration and upon the understanding and promise thereof.

The facts, so far as material, are stated in the opinion.

*Robert H. Elder* for Joseph Cassidy, appellant.

The indictment does not state facts sufficient to constitute a cause of action. The pleader evidently conceived that subdivision 3 of section 775 of the Penal Law applied to the facts of this case, and he pleaded the facts in an attempt to bring them under this law, but the pleading was insufficient in that it does not set forth any crime of " making, tendering or offering to procure, or cause any nomination " within the meaning of the statute, or " any payment or contribution of a valuable consideration, or any understanding or promise thereof " as contemplated by statute. (Penal Law, § 775, subd. 3; L. 1892, ch. 693; L. 1881, ch. 676; L. 1890, ch. 94, § 1; L. 1892, ch. 693, § 1; L. 1895, ch. 721, § 1; L. 1897, ch. 255, § 1; L. 1898, ch. 197, § 1; L. 1899, ch. 530, § 1; L. 1905, ch. 625, §§ 1, 2; L. 1901, ch. 375, § 1.)

*Robert M. Moore* for *Louis T. Walter, Jr.*, appellant.

The calling of the defendant Walter as a witness in the Willett case constituted a bar to the prosecution of this indictment against him. (Penal Law, § 770; People v. Hayes, 140 N. Y. 484.)

*James C. Cropsey, District Attorney (Hersey Egginton* and *Ralph E. Hemstreet* of counsel), for respondent.

The indictment herein accuses the appellants of the crime of " making, tendering and offering to procure and to cause a nomination to a public office upon the payment and contribution of a valuable consideration and upon the understanding and promise thereof." This was charged and proved to have taken place in Kings county, and constitutes the offense defined, even if the persons making the nomination held no official place and exercised no official authority. (Penal Law, § 775, subd. 3.) Merrill's testimony as to what Willett said when he borrowed the $5,000 was properly admitted. (Clune v. U. S., 159 U. S. 590; People v. Peckens, 153 N. Y. 576; People v. Sharp, 45 Hun, 460; 107 N. Y. 427; People v. McKane, 143 N. Y. 455; People v. Hall, 51 App. Div. 57; Lincoln v. Claflin, 6 Wall. 132; Kelly v. People, 55 N. Y. 565; People v. Bassford, 3 N. Y. Crim. Rep. 219; 102 N. Y. 647; People v. Miles, 123 App. Div. 862; 192 N. Y. 541; People v. Kief, 58 Hun, 337; 126 N. Y. 661; Brown v. U. S., 150 U. S. 93.) The testimony showing that Willett had not paid the Merrill note was proper. (1 Jones on Ev. § 171; 1 Wigmore on Ev. § 15; People v. Buchanan, 145 N. Y. 1; People v. Zigouras, 163 N. Y. 250; Waldron v. Romaine, 22 N. Y. 368; Stape v. People, 85 N. Y. 390; People v. Barone, 161 N. Y. 451; Gray v. Met. Ry. Co., 165 N. Y. 457; Blanchard v. New Jersey Stbt. Co., 67 Barb. 101; 59 N. Y. 292; Quinn v. Lloyd, 41 N. Y. 349; People v. Chacon, 102 N. Y. 669; Parkhurst v. Berdell, 110 N. Y. 386.) Walter was not immune because he had been called as a witness for the prosecution in the Willett case and there compelled to testify. He had waived all claim of immunity and had testified under oath previously to the same matters he was questioned about on the Willett trial. (Matter of Cullinan, 76 App. Div. 362; 173 N. Y. 610; Sentenis v. Ladew, 140 N. Y. 463; State v. Van Winkle, 80 Iowa, 15; Com. v. Pratt, 126 Mass. 462; Com. v. Price, 10 Gray, 472; People v. Sebring, 14 Misc. Rep. 31; People v. Hayes, 140 N. Y. 484; McKinney v. G. S., P. P.

& F. R. Co., 104 N. Y. 352; Schlotterer v. B. & N. Y. F. Co., 89 App. Div. 508; People v. Bloom, 193 N. Y. 1.)

CHASE, J.:

The defendant Cassidy in this case based his motion in arrest of judgment upon the ground, among others, that the indictment did not state facts sufficient to constitute a crime. In this respect the record on his appeal differs from the record in the Willett appeal. The judgment of the Appellate Division affirming the judgment of the trial court as against the defendant Cassidy was unanimous. Most of the questions presented on this appeal by the defendant Cassidy, and on which he claims that the judgment should be reversed, have been discussed in the opinion in the case of People v. Willett (213 N. Y. 368, *ante* p. 421), the decision in which case is handed down herewith.

When sufficient evidence of a common design and purpose amounting to a conspiracy has been given to make the question one for the jury, any evidence of the acts and declarations of the conspirators in furtherance of the common purpose is competent. In a case like this it is not necessary in order to make such proof competent that the conspiracy should be charged in the indictment. (People v. McKane, 143 N. Y. 455, 9 N. Y. Crim. 377.) There is evidence in this case sufficient to make the question whether the defendants and one Willett unlawfully conspired to bring about the nomination of Willett for the office of justice of the Supreme Court in the Democratic judicial convention for the second judicial district in 1911 one of fact. The testimony of Merrill as to what Willett said to him after Willett and defendants had conferred about the nomination, and on October 22d, at the time he procured a loan of $5,000 for Willett on a thirty-day note, and before the money was paid over to him, was not error in view of the agreement which the jury had a right to find was entered into by and be-

tween Willett and the defendants herein, relating to the nomination.

The testimony as to the payment of the note by Willett's brother was also properly received, because of the fact that testimony had then been elicited from which as stated by the Appellate Division in their opinion, the jury could have been asked to draw the inference that a portion of the amount subsequently borrowed by Willett was used by him to discharge the $5,000 thirty-day obligation which came due in the latter part of October and thus account for some of the moneys borrowed by him. The evidence as to the payment of the note by Willett's brother was expressly limited by the court for use in contradiction of such inference.

When upon the trial of an action evidence is elicited on cross-examination from which an inference as to a fact favorable to a defendant may be drawn, subsequent evidence of other facts or circumstances showing that the inference sought to be drawn is not warranted becomes competent and material (People v. Buchanan, 145 N. Y. 1, 24, 9 N. Y. Crim. 428; People v. Zigouras, 163 N. Y. 250, 255, 15 N. Y. Crim. 114.)

The defendants criticise in many ways the charge made by the court to the jury. Most of such criticisms have been answered by what has been said in this opinion and in the Willett opinion. Taken in its entirety, we do not think that the charge was prejudicial to the defendant Cassidy.

A question has been raised by the defendant Walter that does not apply to the defendant Cassidy. It is of supreme importance to Walter.

After the nominating convention referred to in the indictment and information was presented to Supreme Court Justice SCUDDER charging that a crime had been committed in connection with the nomination of candidates at such judicial convention, witnesses were sworn and examined before said justice in Queens county, and the defendant Walter appeared voluntarily

and offered himself as a witness. He expressly waived immunity and was also told that any testimony that he might give could be used against him at any time thereafter. He was sworn and gave testimony on the day of such appearance and also at an adjourned day. On a day to which the proceeding was subsequently adjourned he was duly subpœnaed and attended pursuant to such subpœna. In response to the justice he said that the testimony that he had given was given voluntarily, but that if he gave any further testimony he would expect immunity. He was not called as a witness on such adjourned day, but was compelled to sign a transcript of the testimony that he had voluntarily given as stated. The result of the Queens county proceeding was the discharge of the persons there charged with crime. (People ex rel. Willett v. Quinn, 150 App. Div. 813.) Sometime thereafter an investigation was conducted by the grand jury of Kings county and an indictment was found in Kings county against Willett and a separate joint indictment against Cassidy and Walter. The indictment against Willett was first tried and a few days thereafter the indictment against Cassidy and Walter was tried. The appeal now under consideration by this court is from the judgment of the Appellate Division of the Supreme Court affirming the judgment convicting the defendants of the crime found pursuant to the indictment in Kings county. On the Willett trial Walter was called as a witness by the People, but declined to testify on the ground that his testimony might tend to convict him of a crime. He was compelled to attend and testify in that case and was examined at great length therein. On the trial of the joint indictment against him and Cassidy, Walter pleaded giving his testimony as a witness in the Willett trial in bar of his prosecution under the indictment.

The fifth article or amendment to the Constitution of the United States, and section 6 of article 1 of the Constitution of this state provide that no person shall " be compelled in any

criminal case to be a witness against himself." The constitutional provisions quoted gave expression to public sentiment. Public sentiment on the subject grew out of an abhorrence of the inquisitional rack. The personal privilege became a part of the common law of England and has been made secure by constitutional provision in the Federal and most of the State Constitutions. The constitutional provisions must have a broad construction in favor of the right which it was intended to secure. (Counselman v. Hitchcock, 142 U. S. 547.) It is a privilege, but a privilege that cannot be asserted unless the person to whom the privilege is given is subject to criminal prosecution or forfeiture. It cannot be asserted in a case where the person offered as a witness has been tried upon the charge and acquitted, nor in a case where the Statute of Limitations has run against the crime or where full pardon has been granted covering the alleged criminality. (Wigmore on Evidence, sections 2279, 2280.) It can be waived in any case by the person offering himself as a witness. When the privilege is so waived the person becomes subject to cross-examination the same as any other witness examined in the case. (Brandon v. People, 42 N. Y. 265; Connors v. People, 50 N. Y. 240; People v. Tice, 131 N. Y. 651, 10 N. Y. Crim. 170; People v. Webster, 139 N. Y. 73, 84, 10 N. Y. Crim. 486; Fitzpatrick v. U. S., 178 U. S. 304; People v. Casey, 72 N. Y. 393.)

A person cannot waive his privilege under the constitutional provisions and give testimony to his advantage, or the advantage of his friends, and at the same time and in the same proceeding assert his privilege and refuse to answer questions that are to his disadvantage or the disadvantage of his friends. A confidential communication once published to the world cannot be recalled. The seal of confidence once broken, remains broken forever. (People v. Bloom, 193 N. Y. 1.) The giving of testimony by a person that can be used in a criminal case against him like disclosing conversations between persons oc-

cupying confidential relations, makes it thereafter impossible to recall the admission or the disclosures resulting from the evidence.

The admissions made by a person who gives testimony in court of a transaction without asserting his constitutional privilege cannot be recalled, but the waiver of the privilege does not by any fair reasoning extend to new and independent proceedings where the circumstances, surroundings and prospective criminal charges may be entirely different. A person who is entitled to the benefit of the constitutional provisions is so entitled in each new and independent proceeding, otherwise he would subject himself to a new cross-examination and be required under new and changed conditions to give testimony that may not have been anticipated or intended in subjecting himself to examination as a witness in a prior and different proceeding.

The defendant Walter's examination in the Willett trial subjected him to a general cross-examination and exposed him to such charges as might result from a new, complete and adverse examination in a criminal case in which his testimony was apparently deemed important in order to convict one who was charged with him in the violation of the elective franchise. It is provided by section 770 of the Penal Code as follows: ' A person offending against any section of this article is a competent witness against another person so offending and may be compelled to attend and testify on any trial, hearing or proceeding or investigation in the same manner as any other person. The testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person testifying. Any such person testifying shall not thereafter be liable to indictment, prosecution or punishment for the offense with reference to which his testimony was given, and may plead or prove the giving of testimony accordingly, in bar of such an indictment or prosecution."

Under this section of the Penal Law Walter was obliged to testify and, having testified, the statute expressly provides for immunity. The immunity is not disputed unless Walter by testifying in the examination before Justice SCUDDER waived all right thereafter to claim of immunity.

Wigmore in his work on Evidence (Section 2276, page 3158) says: "The waiver involved in the accused taking the stand is limited to the particular proceeding in which he thus volunteers testimony. His voluntary testimony before a coroner's inquest or a grand jury or other preliminary and separate proceeding is therefore not a waiver for the main- trial; nor is his testimony at a first trial a waiver for later trial."

The weight of authority is against the claim of the People that Walter by giving testimony before Justice SCUDDER waived his constitutional right to decline to give testimony on the trial of Willett that could be used against him in a criminal case. (Emery v. State, 101 Wis. 627; Overend v. Superior Court, 131 Cal. 280; State v. Burrell, 27 Mont. 282; Temple v. Comm., 75 Va. 892; Cullen v. Comm., 24 Gratt. [Va.] 624; Matter of Mark, 146 Mich. 714; Samuel v. People, 164 Ill. 379; Georgia R. R. & B. Co. v. Lybrend, 99 Ga. 421; Miskimmins v. Shaver, 8 Wyo. 392; Boston Marine Ins. Co. v. Slocovich, 14 N. Y. S. R. 718; Cullinan v. Quinn, 95 App. Div. 492; Comm. v. Phœnix Hotel Co., 162 S. W. Rep. 823; State v. Lloyd, 152 Wis. 24; Ex parte Wilson, 39 Tex. Crim. Rep. 630.)

The judgment of conviction as against the defendant Cassidy should be affirmed, and the judgment of conviction as against the defendant Walter should be reversed, and the defendant Walter discharged.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment accordingly.