■ STATE-WIDE INSURANCE COMPANY, Appellant, v. ROBERT M. SCHOELER-MAN, Respondent. (Action No. 2.) — Order unanimously affirmed, without costs. (See *Matter of Liberty Mut. Ins. Co. [Granelli]*, 37 A D 2d 113; *Matter of Bauer [MVAIC]*, 31 A D 2d 239, 243–244; *Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 N Y 2d 57, 64.) (Appeal from order of Erie Special Term dismissing motion to stay arbitration.) Present — Witmer, J. P., Gabrielli, Moule and Henry, JJ.

■ In the Matter of RUTH M., Appellant, v. ROBERT S., Respondent.— Order unanimously reversed on the law and facts, with costs, paternity declared and matter remitted to Onondaga County Family Court for further proceedings in accordance with, this determination. Memorandum: Petitioner appeals from an order of Onondaga County Family Court declaring respondent not the father of her child born on August 9, 1967. From the hospital record which shows that the gestation period was 38 weeks, it appears that the probable date of conception was November 16, 1966. At that time petitioner was living with respondent in his one-bedroom apartment. Her uncontradicted testimony which is corroborated by testimony of her brother, shows that she had engaged in sexual intercourse with respondent in his apartment in October, 1966 and continued to do so several times per week until February, 1967. On November 11, 1966 she moved into respondent's apartment. They lived together as husband and wife until February, 1967. The evidence was sufficient to establish that respondent was the father of the child. Petitioner was also required, however, to overcome the presumption of the child's legitimacy. She was married in 1963. She separated from her husband in 1964 but was neither divorced nor legally separated from him. The child of a married woman is presumed to be legitimate. " The presumption, however, may be shattered by evidence which establishes that there has been no possibility of access [by her husband] ". (*Commissioner of Public Welfare v. Koehler*, 284 N. Y. 260, 263). Petitioner's testimony of nonaccess by her husband together with her constant and continuous association with respondent, who did not adduce any evidence that he or anyone else had seen petitioner's husband during the time petitioner was living with respondent, sufficiently excluded any fair basis for belief that she and her husband may have come together. We find no merit in respondent's claim that Family Court lacked jurisdiction of the proceeding because it had not signed an order for the issuance of a summons. By his failure to show that a summons was not served on him or to make any objection until after the close of petitioner's proof, he waived any irregularity in the issuance of the summons. (Family Ct. Act, § 167.) Were we not determining the question of paternity upon the merits on this record we would reverse and grant a new trial because of errors in rulings permitting respondent to refuse to answer questions on the ground of self incrimination after he had testified in his own behalf that he was not the father of the child, thereby waiving the privilege against self incrimination (*Brown v. United States*, 356 U. S. 148, 156; *People v. Cassidy*, 213 N. Y. 388, 394; Annotation 72 ALR 2d 830). We find that the evidence against respondent is entirely satisfactory and it requires a determination that he is the father of petitioner's child. (See *Matter of Arlene W. v. Robert D.*, 36 A D 2d 455.) (Appeal from order of Onondaga County Family Court, in paternity proceeding.) Present — Witmer, J. P., Gabrielli, Moule and Henry, JJ.

■ In the Matter of the Application of JOEL L. DANIELS.— Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law.