HARRY KRAUT, Respondent, *v.* MORGAN & BROTHER MANHATTAN STORAGE Co., INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. JACOB SPINDEL, Third-Party Defendant-Respondent.

First Department, November 12, 1974.

*Morris Zweibel* of counsel (*Crowe, McCoy, Agoglia, Congdon & Zweibel* and *Aaron, Bruman & Gates*, attorneys), for defendant-appellant and third-party plaintiff-appellant.

*O. John Rogge* for respondent.

*Albert F. Ciancimino* for third-party defendant-respondent.

NUNEZ, J. P. The facts are succinctly stated in the dissent. We are in unanimous agreement that the determination of the jury in plaintiff's favor on the first cause of action for the value of the 19 pieces of Russian enamel works of art which were not recovered should prevail.

Plaintiff's remaining cause of action was for his expense in recovering the bulk of the stolen items. And while he has a cause of action for such relief (*Jones* v. *Morgan*, 90 N. Y. 4),

he was under the obligatory duty to make a reasonable effort to minimize his damages (*Norske Ameriekalinje* v. *Sun Print. & Pub. Assn.*, 226 N. Y. 1, 7, 8). Plaintiff and his friend, Mr. Keller, testified that the sum of $71,000 was paid by plaintiff to an intermediary for the return of his property. The jury awarded plaintiff $45,000. The dissenters hold that if plaintiff is entitled to recover anything on this cause, he is entitled to the full amount expended, that it is a compromise verdict and cannot stand. We disagree.

The award of $45,000 was proper under the court's charge to which no exception was taken. The jury was instructed that if it found that the reward payment "was reasonable in light of the fair market value of the items" plaintiff may recover. And upon the rendition of the verdict counsel moved to set aside the verdict as being "far in excess of the proof that was submitted * * * and should be further reduced." No objection was made that it was a compromise verdict. The learned trial court properly denied the motion, observing that the jury "had a right to decide what would be a reasonable reward, under the circumstances, particularly in view of their finding of value." The dissent further faults the verdict as mathematically opposed to the evidence on the jury's other finding, and points out that as there were approximately 281 pieces returned and the jury found that 19 pieces completely undifferentiated from them had a value of $26,000, the contention that the jury may have found the value of the pieces returned was only $45,000 cannot be sustained. The statement that the 19 pieces are completely undifferentiated from those returned flies in the face of the record which shows that the value of the items varied from a $65 mayonnaise set to an enamel clock valued at $7,500. That the amount paid as ransom or reward stands uncontradicted is of no moment. So does the value of the unreturned items stand uncontradicted at the sum of $50,500 and yet the jury's verdict for about one half receives our unanimous approval.

We recognize and reaffirm the general rule that a party should not be permitted to adduce evidence in support of his case if he refuses to disclose information which is known to him and which is an integral part of the claim and the preparation of a defense thereto. However, this case presents unusual and exceptional circumstances which in our opinion justifies the exercise of discretion by the trial court to permit the case to go to the jury without compelling disclosure of the intermediary's identity. In a colloquy with the court, appellant's counsel stated

"John Keane is the intermediary." Keane was appellant's former employee. He was not called as a witness.

Plaintiff gave as the reason for his refusal to divulge the name of the intermediary his mortal fear for his and his family's life. He credited threats that he would be killed gangland style and that he would have the privilege of seeing his older daughter walking with a cane and a seeing eye dog. Plaintiff was confronted with Hobson's choice of accepting the intermediary's offer of help with the absolute condition that his identity not be disclosed or of foregoing the return of his property. Had he not accepted the condition of secrecy and paid the ransom money, appellant might well argue that he had failed to minimize his damages and was therefore not entitled to recover.

The rationale of full disclosure in criminal cases is that, since the government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privilege to deprive the accused of anything which might be material to his defense. (*Jencks* v. *United States,* 353 U. S. 657; *United States* v. *Andolschek,* 142 F. 2d 503, 506.) Yet exceptions are made. In *United States* v. *Malizia* (503 F. 2d 578), the defendant was convicted of sale of cocaine. The government not only failed to produce the informant *purchaser,* but it was permitted to explain that the missing informer had told a government agent that he would never testify because he was in fear of being killed. Of course, the most important and essential witness called by the government in a narcotics case is the purchaser. Notwithstanding the failure to produce the purchaser and the damaging and prejudicial testimony that his life had been threatened, the Circuit Court upheld his conviction. Recently, the Court of Appeals affirmed a conviction of a defendant who had made two sales of drugs to an undercover police officer notwithstanding the trial court's refusal to allow disclosure of the informer's identity. In *People* v. *Brown* (34 N Y 2d 163, 169) the court stated "that the issue [of disclosure] is one to be determined in the exercise of sound discretion by the Trial Judge ([*Roviaro* v. *United States*] 353 U. S., at p. 61, n. 9, p. 62)." In the case at bar, the Trial Judge very carefully considered whether he would compel disclosure of the intermediary's identity. It would seem that if in a criminal case where the overriding consideration is to avoid the risk of convicting the innocent, disclosure is left to the discretion of

the Trial Judge, we should not disturb it in this civil case where the risk is one of dollars and cents.

Under the exceptional circumstances of this case we hold that plaintiff's refusal to disclose the identity of the intermediary was, as held by the Trial Judge, a matter of weight to be afforded his testimony and not admissibility. Plaintiff lost his property due to appellant's negligence. The money he paid to recover it inured to the very substantial benefit of appellant. He should not be compelled to expose himself and his family to bodily harm or death as a condition to recovery. Mr. Keller corroborated plaintiff's testimony of the payment of the ransom and the return of the stolen items. The court fairly submitted the issue to the jury. The verdict is not against the weight of the evidence and we may not disturb it. The judgment should be affirmed with costs and disbursements to respondents.

Steuer, J. (dissenting). On June 12, 1970, plaintiff stored three cartons in defendant's warehouse. The cartons contained approximately 300 pieces of Russian enamel works, collected by plaintiff over a period of years. The collection was stored in a special room, to which plaintiff was given the only key. He was also required to sign a signature card for purposes of identification in case he desired to have access to the room.

On July 28, 1970, while plaintiff was in Europe, an imposter telephoned the defendant stating he was Harry Kraut, the plaintiff, and desired to withdraw the collection. He further stated that he had lost the key and was told that there would be a charge for breaking the lock. The following day a man appeared at the warehouse, stating that he was plaintiff's agent. He exhibited a notarized authorization to receive the cartons. No attempt was made by the manager in charge to compare the signature on the authorization with that on file with the defendant. Had there been, it would have been obvious that the signature was not genuine as it bore no resemblance to that on the signature card. Instead, the lock was broken and the spurious agent was allowed to take the cartons.

About two weeks later plaintiff returned to the city and found that he had not been billed by defendant for the August storage charges. Upon inquiry to the defendant he learned of the delivery. Plaintiff notified the police and the F.B.I. He also placed an advertisement in the newspapers seeking a return of the collection. As a result, he was contacted by someone who offered to have the collection returned for a price. After some bargain-

ing a figure of $71,000 was agreed upon and paid. All of the items were returned except 19 pieces.

Despite this extremely bizarre set of facts, which raises many unanswered questions, the determination of the jury, to the extent that it is warranted in law, should prevail. The first cause of action is for the value of the 19 pieces which were not recovered back from the thief. There can be little doubt that the defendant, in delivery of the goods, did not conform to " reasonable commercial standards " (Uniform Commercial Code, § 7–404) and hence would be liable. In fact, the only defenses to this cause of action insisted upon concern proof of the value of the items, with which proof we discern no error. So on this cause of action the verdict and judgment should be sustained.

The remaining cause of action is for plaintiff's expense in minimizing the damage by recovering the bulk of the items stolen. While plaintiff undoubtedly has a cause of action for such relief (*Jones* v. *Morgan,* 90 N. Y. 4), for two reasons the judgment should not stand.

There is no conflict in the amount of the ransom paid by plaintiff for the return of his property. The amount was not challenged at the trial. It was $71,000. Yet, the verdict on this cause of action was for $45,000. If the plaintiff is entitled to recover anything on this claim he is entitled to the full amount of what he expended. Efforts to justify the reduction are without any support in the evidence and, in some respects, mathematically opposed to the evidence and the jury's other finding. First it is argued that the jury may have found that the value of the pieces returned was only $45,000. As there were approximately 281 pieces returned and the jury found that 19 pieces completely undifferentiated from them had a value of $26,000, this contention cannot be sustained. Likewise, it has been advanced that the jury could have found that the thief would have returned the pieces for a payment of $45,000. There is absolutely nothing in the evidence to sustain such a conclusion. It follows that the verdict is a compromise. Further, it is not a compromise of differing contentions of value — it is a compromise of whether plaintiff had any right to recover at all. And as such it may not stand.

The objection to the proof involves a truly novel question. The learned and industrious counsel on both sides have stated that an exhaustive search in every common-law jurisdiction reveals no precedent. The question arose thus: the plaintiff on cross-examination was asked the name of the person who

contacted him and to whom he paid the money. He did not deny knowing the name of this individual but he refused to answer. The reason he gave was that he credited a threat of bodily harm to him and his family should he reveal this fact. The court ruled that the refusal to answer went to the credibility of the testimony only and did not affect the admissibility of the direct testimony.

In the absence of any precedential authority, recourse must be had to analogy and public policy. We are referred to cases where the prosecution has been sustained in the refusal to give the name of an informer. We believe this to be an isolated instance found by the courts to be a necessary ingredient of criminal prosecution and not violative of any cognizable right of the defendant. The over-all rule in prosecutions is that facts bearing upon the government's claim must be disclosed (*United States* v. *Andolschek*, 142 F. 2d 503). However, we see no close analogy between the situation at bar and that of a criminal prosecution. At bar the plaintiff is seeking a monetary recovery. It has long been the law that one who seeks the aid of the courts must be prepared to disclose any material fact in regard to his claim, or forego it. This includes waiving any privilege he may have to keep the matter confidential (*People* v. *Cassidy*, 213 N. Y. 388, 394; Richardson, Evidence [10th ed., 1973], § 531; see, also, 8 Wigmore, Evidence, § 2286: "No pledge of privacy nor oath of secrecy can avail against demand for the truth in a court of justice.").

Furthermore, concealing the identity of the recipient closes the door to any investigation the defendant could make as to the veracity of the account of the transaction. The defendant is left in the position of contesting a payment to a faceless individual.

The majority contends that this is a matter within the discretion of the Trial Judge and that he gave it weighty consideration. Assuming, *arguendo*, that it is discretionary, we believe that the circumstances demonstrate that the discretion was wrongly exercised. Recourse to the conceded facts establishes that this larceny could only have been executed by one in the possession of certain facts; namely, that the plaintiff had a collection of extraordinary value; that he had stored the collection in defendant's warehouse; that the storage was in a room to which he had the only key; and that he was not available for a verification of the desire to withdraw it. This information could not be expected to be the possession of a casual burglar or the minions of organized crime. The thief had to

be someone with intimate connections with either the bailor or the bailee of the property. As such, his identity was of crucial importance in the defense of the action. It also indicates that the reason given for failure to disclose was disingenuous.

In addition, what public policy appears is wholly in favor of disclosure. We cannot be said to approve of a procedure by which a thief is enabled to sell back the fruits of his thievery to the owner and to countenance his threats of reprisal. This mocks the law.

Lastly, the plaintiff claims that the defendant knows the name of the thief. We do not read the record as supporting this contention. But even if it were true, surely this makes the threat an empty sham and nothing would be lost by disclosure.

The verdict on the second cause of action should be set aside, the cause of action severed and a new trial granted.

TILZER and CAPOZZOLI, JJ., concur with NUNEZ, J. P.; STEUER, J., dissents in an opinion in which MURPHY, J., concurs.

Judgment, Supreme Court, New York County, entered on December 21, 1973, affirmed. Respondents shall recover of appellant one bill of $60 costs and disbursements of this appeal.