Budd G. Goodman, J.
This defendant stands indicted for criminal sale of a controlled substance (heroin) in the third degree plus possession counts at the time of the sale, and possession of a controlled substance (heroin) in the seventh degree at the time of his arrest.
It is alleged that on August 24, 1974, police officers observed the defendant pass a glassine envelope to one Erroll Magee and receive United States currency in return. Magee was arrested shortly thereafter with a glassine envelope in his possession and the defendant was arrested a short time later with 11 glassine envelopes on him.
At a previous trial before another Judge, a mistrial was declared because the jury could not reach a verdict on any count of the indictment. Erroll Magee testified at that trial on behalf of the defendant and was cross-examined. He stated under oath, that although he had heroin in his possession at the time of his arrest, he had bought it from a friend of his. He testified that he never saw the defendant before and did not know him. By testifying to those facts, Magee had waived his privilege against self incrimination. He has been charged with the possession of the heroin and his case is still pending.
Prior to a jury being impanelled at this trial, counsel for the defendant advised me that Erroll Magee would, if called to the stand again, invoke his constitutional privilege not to incriminate himself and refuse to testify about the facts relating to his possession of the heroin. Counsel contended that having waived his privilege at the first trial, the witness Magee had waived it for all time, except of course at his own trial. It was further argued that should the court rule that the witness could invoke his privilege, the defendant should be permitted to read the transcript of the testimony from the first trial to the jury.
A waiver of the Fifth Amendment privilege against self incrimination is limited to the proceeding in which it occurred. (People v Cassidy, 213 NY 388; Richardson, Evidence [10th ed.], § 532; 8 Wigmore, Evidence, § 2276 [4].) Therefore, if Magee were to take the stand, as he is required to, and then invoke his privilege, he could not be compelled to testify as to *203 the incriminating facts regarding the possession of the heroin and from whom he purchased it.
The crucial question that remains, is whether counsel for the defendant may then read the prior testimony into evidence. CPL 670.10 states in essence, that the testimony of a witness at a prior trial may not be used at a subsequent trial unless the witness is, to the satisfaction of the court, at a hearing or otherwise, shown to be dead, incapacitated, ill, outside the jurisdiction of the court, etc. A failure to testify because of a claim of privilege is not stated to be one of the grounds.
At first blush it would seem that the statute precludes the testimony from being read into evidence at this trial. If that be so, could the defendant call a witness to the stand who heard Magee testify at the first trial that he possessed the drugs but had bought them from someone other than the defendant, on the theory that such a statement would be a declaration against the penal interest of Magee?
It has long been the law in New York that declarations against pecuniary or proprietary interest are admissible, and more recently, declarations against penal interest have become admissible. (People v Brown, 26 NY2d 88.) The rule, based on the absence of the witness, usually meant that the witness was dead. In People v Brown (supra, p 93) the Court of Appeals stated "But whether the person is dead, or beyond the jurisdiction, or will not testify, and cannot be compelled to testify because of a constitutional privilege, all equally spell out unavailability of trial testimony.”
Magee’s statement at the first trial that he "possessed the heroin”, is in and of itself a declaration against his penal interest. It is irrelevant to his penal interest from whom he bought the heroin, and that part of his testimony is still hearsay, which does not come within the declaration exception to the hearsay rule, and thus could not be testified to by a witness who heard that remark. In any event, any discussion of this point is academic since I am of the opinion that the defendant may offer the transcript of Magee’s prior testimony in accordance with what I feel is a rational interpretation of CPL 670.10.
That section states, in part, that "testimony given by a witness at (a) a trial of an accusatory instrument * * * may, where otherwise admissible, be received into evidence at a subsequent proceeding in or relating to the action involved *204 when at the time of such subsequent proceeding the witness is unable to attend the same by reason of death, illness or incapacity” (emphasis supplied).
Although the statutes speak of an inability to "attend” because of an "incapacity”, it should not be read to mean a "habeas corpus” requirement, i.e., the body of the witness is not the criteria. As was stated by the United States Court of Appeals, 10th Circuit, in Mason v United States (408 F2d 903, 906): "We consider * * * that the important element is whether the testimony of the witness is sought and available and not whether the witness’ body is available.” This is in accord with rule 804A of the proposed Federal Rules of Evidence, dealing with the admission of prior testimony, which is cited by Richardson, following the discussion of People v Brown (supra), in the chapter on declarations against interest.
A trial is a search for the truth and not a game of oneupsmanship. Triers of the fact have a difficult enough time as it is, trying to reach an intelligent decision. There is no reason to withhold from them, material, relevant and competent testimony, from outside sources, which would aid in making that decision. The interests of justice require that the parties to a criminal prosecution, especially defendants facing the possibility of lifetime incarceration, be allowed to offer such testimony and not be barred from doing so by mere technical grounds.
Therefore, in accord with the preferred rule as stated above and a reasonable interpretation of the relevant statute, the defendant is permitted to read into evidence the prior testimony of Magee, subject of course, to proper objections by the District Attorney as to the admissibility of any part thereof.