■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE ROSSI, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 9, 1981, which revoked defendant's probation and imposed a sentence of imprisonment. On March 20, 1979, defendant was sentenced to five years' probation on a conviction for burglary in the third degree. On July 29, 1981, a petition for violation of that probation was filed

against defendant. Following a hearing held on September 25, 1981, defendant was found to have violated three of the conditions of his probation: (1) failure to report as directed; (2) failure to refrain from illegal activity; and (3) failure to comply with his designated curfew. Defendant first contends that the County Court committed reversible error in denying his request to be permitted to take the stand and to be cross-examined regarding his failure to report and to comply with the curfew, but not as to the subject matter of a pending indictment for the sale of a controlled substance in Rensselaer County. We disagree. The sale of the controlled substance charge related to the allegation in the petition that he failed to refrain from illegal activity for which he was standing trial at the time of the hearing. It was not a collateral matter to the issue of guilt or innocence then before the court. In taking the stand, defendant would subject himself to cross-examination on any issue material to the case presented by the People (*People v Cassidy,* 213 NY 388, 394; *People v Tice,* 131 NY 651). Defendant's second contention that he was improperly sentenced without the County Court first obtaining an updated or new presentence report has merit (*People v Halaby,* 77 AD2d 717). The judgment should, therefore, be modified to the extent of vacating the sentence imposed and remanding the matter for resentencing upon the preparation and submission of a new or updated presentence report. Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Albany County for resentencing in accordance herewith, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.