The People of the State of New York, Respondent,
against
Joshua Reich, Appellant.




Law Offices of Zev Goldstein, PLLC (Zev Goldstein of counsel ), for appellant.
Rametta & Rametta, LLC (Robert M. Rametta of counsel), for respondent.

Appeal from two judgments of the Justice Court of the Village of Monroe, Orange County (Forrest Strauss, J.), rendered May 24, 2017. The judgments convicted defendant, after a nonjury trial, of passing a red light and speeding, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged in separate simplified traffic informations with passing a red light (Vehicle and Traffic Law § 1111 [d] [1]) and speeding (Vehicle and Traffic Law § 1180 [d]), respectively.
At a nonjury trial, a Village of Monroe police officer testified that he had observed defendant's vehicle pass through a red light, and, upon following defendant's vehicle, which he never lost sight of, he observed the vehicle traveling at approximately 45 miles per hour in an area where the speed limit was 25 miles per hour. The officer further testified that his view of defendant's vehicle was unobstructed. Defendant testified that he had slowed down his vehicle to the speed limit. When the Justice Court asked defendant the rate of speed at which he was traveling prior to being pulled over by the officer, defendant refused to answer and invoked his Fifth Amendment right not to incriminate himself. Following the trial, the Justice Court found defendant guilty of both charges. 
Contrary to defendant's contention that the Justice Court failed to advise him of his right to counsel, the court complied with CPL 170.10, as defendant was advised of his right to counsel [*2]by a scheduling letter from the Justice Court dated March 9, 2017 (see People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Defendant never asked for an adjournment to retain counsel.
Furthermore, by voluntarily testifying at trial, defendant waived his Fifth Amendment privilege "and [could not] refuse to answer questions regarding any matters relevant to the case" (People v Bagby, 65 NY2d 410, 414 [1985]; see People v Cassidy, 213 NY 388 [1915]). Consequently, it was proper for the Justice Court to take into account on the issue of defendant's credibility his refusal to answer its question concerning his rate of speed (see People v Betts, 70 NY2d 289, 293 [1987]).
To the extent defendant contends that the evidence was legally insufficient to establish his guilt of passing a red light and speeding beyond a reasonable doubt, this contention is unpreserved for appellate review since he failed to raise it in the Justice Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the proof presented at trial was legally sufficient to establish defendant's guilt of passing a red light and speeding beyond a reasonable doubt. We note that the officer's testimony, to the effect that he estimated defendant's speed at 45 miles per hour in a 25 mile-per-hour zone, constituted legally sufficient evidence to establish defendant's guilt of speeding, as the variance was "sufficiently wide, so that [the factfinder] may be certain beyond a reasonable doubt that the defendant exceeded the permissible limit" (People v Olsen, 22 NY2d 230, 232 [1968]; see People v Saleh, 59 Misc 3d 132[A], 2018 NY Slip Op 50473[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
We have reviewed defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit.
Accordingly, the judgments of conviction are affirmed.
BRANDS, J.P., MARANO and TOLBERT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2018